JOHNSTON, J., concurring.

MARTIN, C. J., having been of counsel, did not sit.

JOHN CALDWELL v. W. E. BROWN AND W. KLINE,
*Partners as Brown & Kline.*

No. 8182.

1. SPECIAL FINDINGS—*Evidence.* When issues submitted to a jury are not such as to entitle the parties to a jury trial as a matter of right, the court may consider the answers as merely advisory, and may disregard any finding not supported by the evidence.

2. ——— *New Trial—Harmless Error.* The evidence does not show that the court erred in setting aside the findings of the jury and granting a new trial, nor in the decision of the case upon the second trial.

*Error from Reno District Court.*

In 1885, John Caldwell, the plaintiff in error, brought his action against D. B. Miller and others to recover a quarter-section of land now within the corporate limits of the city of Hutchinson. The case was decided adversely to him in April, 1887. Whiteside & Hutchinson were his attorneys. He discharged them, and employed Brown & Kline to prepare the record and bring the case to this court for review. Whiteside & Hutchinson commenced an action against Caldwell to recover for their services as attorneys, and, although Caldwell was a resident of Michigan, personal service was obtained upon him, he having been at Hutchinson to look after his interests in the litigation. Brown & Kline were employed to defend that action also, and they removed it to the United States circuit court for the district of Kansas, where they

filed a motion to set aside the service, which was overruled. On February 5, 1890, judgment was rendered in favor of Whiteside & Hutchinson against Caldwell for $2,200. On May 10, 1890, the judgment in the case of Caldwell against Miller and others was reversed, and the court below was directed to enter judgment in favor of Caldwell for the undivided $\frac{18}{28}$ of the land. Whiteside & Hutchinson caused an execution to be levied upon Caldwell's interest in said land to satisfy their judgment, and it was advertised and sold by the marshal, but Brown & Kline succeeded in getting the sale set aside, and it was again advertised for sale July 14, 1890. On May 22, 1890, Brown & Kline commenced their action against Caldwell in the district court of Reno county to recover the sum of $10,000 for professional services performed and expenses paid by them at the instance and request of Caldwell, and Caldwell's interest in said land was attached. On May 28, 1890, Brown & Kline wrote to Caldwell, informing him of their success in winning his case against Miller in this court, and also of the proceedings of Whiteside & Hutchinson to sell his land on the judgment obtained by them in the United States circuit court, and urged him to come at once and pay off said judgment and costs, or to send about $2,500 in order to have the same satisfied. This letter contained no intimation that Brown & Kline had themselves commenced suit against Caldwell to recover for their services and expenses. Early in June, 1890, Caldwell appeared at Hutchinson, and there learned that Brown & Kline had commenced suit against him. He then went to Newton to see them. The evidence is somewhat conflicting as to what occurred there, Caldwell claiming that Brown told him that they had commenced their action simply to protect him and his prop-

erty as against Whiteside & Hutchinson, while they deny this, and say they told him that they brought the suit in order to protect themselves as against Whiteside & Hutchinson, and that the latter firm had combined with Miller, who was forming a syndicate to buy the land at a very low sum under the sale upon the Whiteside & Hutchinson execution. Caldwell also claims that Brown said they would not take any judgment against him, but Brown & Kline say that it was expressly understood that they would take the judgment for $10,000, but that they agreed to satisfy it for $5,-000, if the money should be paid in a few days, and that Caldwell agreed to send to the First National Bank of Newton $7,500 to pay off the Whiteside & Hutchinson judgment and their claim. Caldwell admits that he was to send $2,500 to pay off the Whiteside & Hutchinson judgment and costs, but says that he did not promise to send the $5,000 to Brown & Kline. The evidence of Brown and Kline on this point is strongly corroborated by A. B. Gilbert, cashier of the First National Bank. Caldwell went back to Michigan, and in a few days sent a banker named Preston to Kansas to pay off the Whiteside & Huthinson judgment, which he did at Topeka; and then he called on Brown & Kline at Newton, but had no money to pay them, and he went back to Michigan. On July 21, 1890, Brown & Kline took judgment by default against Caldwell for $10,000; and on the next day they wrote to Preston (who was then carrying on the correspondence for Caldwell) mentioning the fact incidentally that they had obtained judgment, and saying they insisted upon payment within 30 days, but that they did not want to sell the land if they could avoid it. On August 13, 1890, Caldwell commenced this proceeding by petition to vacate said judg-

ment, claiming that it was obtained by fraud. Issue being joined, a trial was commenced January 7, 1891, the court submitting certain questions to a jury for their answers. During the trial, Brown & Kline admitted that they had agreed to accept $5,000 in full satisfaction of their claim if paid within a given time; and they offered to make an acknowledgment that said sum would satisfy the judgment; and at some time, the date of which does not appear, they entered of record a statement upon the abstract of judgment as follows: "We acknowledge, without receiving any money or pay hereon, that there is due on this judgment only the sum of $5,000.— Brown & Kline." The latter waived any showing by Caldwell as to the merits of the defense. The jury returned answers favorable to Caldwell, and adverse to Brown & Kline. On their motion, however, these findings were set aside and a new trial was granted, and this took place October 24, 1891. Caldwell demanded a jury, but this was refused. A transcript of the evidence on the former trial was read, and additional testimony was introduced; whereupon the court found in favor of Brown & Kline, and overruled the petition to vacate and set aside the judgment, and also the motion of Caldwell for a new trial. Plaintiff brings the case to this court. The opinion was filed March 7, 1896.

*Bradford & Huron*, for plaintiff in error.

*W. E. Brown*, for defendants in error.

The opinion of the court was delivered by

Martin, C. J.: I. The plaintiff in error contends that the court below erred in refusing to render judgment in his favor on the findings of the jury at the first trial, and in granting to the defendants in error

a new trial notwithstanding said findings. It was the province of the court, however, upon the motion for a new trial, to consider whether the findings were supported by the evidence or not; and, if this question was determined in the negative, then it was its duty to set aside the findings and to award a new trial. This is so in every case tried before the court and a jury. (*K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, 3, 4, 12, 13, and cases cited; *Richolson v. Freeman*, ante, p. 463; 43 Pac. Rep. 772.) And, when issues submitted to a jury are not such as to entitle the parties to a jury trial as a matter of right, the court may consider the answers as merely advisory, and may disregard any finding not supported by the evidence. (*Franks v. Jones*, 39 Kan. 236, 241; *Moors v. Sanford*, 2 Kan. App.*——; 41 Pac. Rep. 1064.) No doubt, the court considered that the findings were not supported by the evidence.

II. Another assignment of error is in the refusal of the court to admit in evidence the certified transcript of the case of Whiteside & Hutchinson v. Caldwell, commenced in the district court of Reno county, and removed to the circuit court of the United States for this district. Perhaps no error would have been committed by the admission of this transcript, although there was very little in it that could have had any bearing upon the issues in this case, and that which was relevant was sufficiently brought out in the oral examination of the witnesses. We have examined all the evidence introduced, and do not think that by its preponderance any fraud is proved against Brown & Kline. The most blameworthy circumstance on their part was the failure promptly to notify Caldwell of the bringing of suit against him. It is always the

*Not yet reported.

duty of an attorney seasonably to advise his client of all steps taken which may affect his interests; but it is to be considered that the suit in which Brown & Kline were first employed was ended, and before they took their judgment the Whiteside & Hutchinson litigation had been closed. From that time, at least, the relation of attorney and client had ceased, and Brown & Kline saw that no course was left to them to recover their fees but to levy on this land, or follow Caldwell to Michigan, and sue him there. A fee even of $5,000 for a suit respecting a quarter-section of land seems large; but, from the evidence, a great amount of labor was bestowed and considerable expense incurred in this litigation, for the land is worth a large sum; and when Brown & Kline were employed, it was considered immensely valuable.

Finding no material error in the record, the judgment will be affirmed.

All the Justices concurring.