RICHARDSON, ROBERTS, BRYNE DRY GOODS COMPANY, *a corporation, et al.* v. ROLLIN M. HOCKADAY, *et al.*

(Filed June 6, 1903.)

1. EQUITABLE ACTION—Error in Instructing Jury.  In actions which are purely equitable, the functions of the jury are only advisory to the court, and the court having adopted the verdict of the jury as his findings of fact, the instructions of the court to the jury are wholly immaterial, and error cannot be predicated thereon.

2. QUESTIONS OF FACT.  The rule in this court is, that where the evidence reasonably tends to support the finding of the district court or a jury in such court, this court will not disturb the finding.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before Benj. F. Burwell, Trial Judge.*

*Frederick King, R. N. McConnell,* and *Cotteral & Hornor,* for plaintiffs in error.

*Geo. S. Green, Shartel, Keaton & Wells, J. M. Van Winkle, P. O. Cassidy* and *R. E. Wood,* for defendants in error.

STATEMENT OF FACTS.

This is an action brought in the district court of Pottawatomie county, Oklahoma Territory, and involves a contest between creditors on one hand, claiming under attachments, and creditors on the other hand, claiming under a general assignment. James J. Drye, a merchant at Shawnee, O. T.,

made a general assignment for the benefit of all his creditors on December 12, 1896, naming Robert N. White as assignee, to whom he delivered the possession of his stock of merchandise located at Shawnee, and involved in this suit. After the assignment was made, Hockaday, Harmon and Roe, and other creditors, brought suit upon their accounts and claims against Drye, and sued out writs of attachments which were levied, upon the same stock of goods. On January 7, 1897, Richardson, Roberts, Bryne Dry Goods company, one of the plaintiffs in error, filed an interplea in said attachment suit, setting up the assignment, the creation of a trust thereunder, and the right of all the creditors to share in the proceeds of sale of the attached property as part of the assigned estate. The other plaintiffs in error likewise filed interpleas. A trial ensued December 28, 1897, resulting in a judgment in favor of the interpleaders claiming under the assignment, but that judgment was reversed by the supreme court, July 30, 1898, and the cause remanded for a new trial. After the reversal other pleadings were filed, and the case came on for trial in the district court on December 6, 1900. The jury found for the attachment plaintiffs December 9, 1900. On the following day, the plaintiffs in error, who are the assignment interpleaders, filed their motion for a new trial, which was overruled January 26, 1901, and judgment rendered for the attachment plaintiffs. The interpleaders brought this proceeding in error. Affirmed.

Opinion of the court by

IRWIN, J.: The grounds on which the attachment was originally brought against the merchandise in question was that the assignment was in fraud of the rights of creditors,

and was invalid as tending to create a preference in favor of one or more creditors to the injury and damage of the general creditors, and that the said alleged assignment was a fraudulent conspiracy between the assigning creditors, Drye, and the assignee, White, and the agents of certain creditors, who were preferred and given preference over other creditors by said assignment.

The assignments of error which are relied upon by the plaintiffs in error to reverse this case, are three in number.

The first assignment of error is:

"Error in giving instructions numbered 2 and 7."

The second assignment is:

"Error in giving instruction number 5."

Under the pleadings in this case this was purely an equitable action, and one which was addressed to the equity side of the court, in passing upon which the trial judge acted purely as a chancellor.

In the case of *Barnes et al. v. Lynch et al.*, decided by this court at the June term, 1899, and reported in the 9 Okla. at page 156, this court lays down the following rule:

"In cases of equitable cognizance, while the judge may call in a jury or consent to one, for the purpose of advising him upon the questions of fact, he may adopt or reject their conclusions, as he sees fit, and the whole matter must eventually be left to him to determine, and instructions to the jury furnish no ground of error upon appeal. It was not only the right but the duty of the court to have determined all questions of fact, as well as of law."

This rule, which is the true rule of law, and the correct doctrine in this territory, in our judgment entirely settles the first two assignments of error.

The third assignment of error is as follows:

"Error in not instructing a verdict for plaintiffs in error, or discharging the jury for want of evidence to impeach the assignment, and in not rendering judgment for the plaintiffs in error."

This assignment of error is based upon the proposition that there was no evidence to sustain the findings made by the trial court, and plaintiffs in error, in discussing this assignment discuss the weight to be given to certain testimony; but we take the rule in this territory to be well established that where the evidence as shown by the record reasonably tends to support the finding of the trial court, this court will not disturb such finding.

We have carefully examined the record and we are not prepared to say that evidence in the record, when taken as a whole, does not reasonably tend to support the findings of fact by the jury, and the judge in the trial court.

Finding no reversible error in the record, the judgment of the lower court will be affirmed at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.