MURRAY *et al.* v. SNOWDER.

No. 2179, Okla. T. Opinion Filed January 11, 1910.

(106 Pac. 645.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** When the evidence reasonably tends to support the judgment of the trial court, the judgment will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from District Court, Garfield County; James K. Beaucamp, Judge.*

Action by A. J. Murray and others against A. T. Snowder. Judgment for defendant, and plaintiffs bring error. Affirmed.

*James B. Cullison,* for plaintiffs in error.
*Dan Hewett,* for defendant in error.

TURNER, J. On April 7, 1905, A. J. Murray, A. Freeberg, John Forbes, Earnest Hern, G. W. Andrus, and Charles Dickerson, plaintiffs in error, sued A. T. Snowder, defendant in error, in the district court of Garfield county in equity to abate a nuisance. Their amended petition substantially states that the suit is for an object common to all; that they are the respective owners of certain separate tracts of land lying in certain contiguous sections and townships in said county; that defendant is the owner and in possession of the N. W. ¼ of section 5, township 21 N., range 8 W. I. M., in said county; that a natural stream, called "Elm Creek," which has its source northwest of defendant's land, flows in a southeasterly direction across the same, and is the natural outlet or waterway for all waters falling on a large area lying north and west thereof, which said waters are

thus emptied into Dry Salt creek; that the banks of said creek are well defined, and where it runs through the land of defendant are much higher than the adjacent lands belonging to plaintiffs; that on or about March 1, 1903, defendant unlawfully and wrongfully constructed a dam across said creek on his land, and also a ditch from a point immediately above said dam, running easterly for a distance of 30 rods, with no connection with any other ditch, creek, or waterway, and diverted the waters of said creek through said ditch, and overflowed plaintiffs' land to a depth of several feet, which, on receding, left a deposit of drift, sand, and mud, which destroyed many acres of grass and irreparably damaged said land for agricultural and grazing purposes; that said ditch and dam so constructed is a nuisance, the maintenance of which will result in a multiplicity of suits; that plaintiffs are without adequate remedy at law; that they have requested defendant to discontinue the same, which he refuses to do; that if further maintained the spring rains will be diverted by means thereof, and cause a great overflow and inestimable damage to their said lands—and prays a mandatory injunction, requiring defendant to forthwith tear down said dam and fill up said ditch and for costs.

After demurrer filed and overruled, defendant filed answer, which, after a general denial, in effect, set up an estoppel, in substance, that plaintiffs had theretofore, to wit, in April, 1903, joined with him and other citizens of Garfield county in a petition to condemn a right of way over the land of plaintiff A. J. Murray, pursuant to chapter 71 of the Laws of Oklahoma of 1893, for the purpose of locating the dam and ditch complained of; that plaintiffs participated in aid of the proceedings subsequent thereto and assisted in the construction of said dam and ditch, said Murray giving a right of way therefor over said land; and that said ditch was constructed in all respects according to his requirements—and filed as exhibits to his answer said petition and plat of the land, the judgment of the court thereon, the report of the appraisers, and the written release of said Murray of said right of way. He alleged that plaintiff Forbes knew of

the proposed construction of said dam and ditch at the time of the purchase of said land, and contributed to its construction, and signed an agreement to help pay for the same; that the same was constructed by plaintiffs and defendant jointly to protect their land and the public highways from waters spreading over the same in times of freshets, which it would. do when· the waters filled to overflowing the· basin or depression called Elm creek; and that by reason of all of which, he says, plaintiffs should be and are estopped to· maintain this suit, and asks to be discharged, with his costs.

Without reply, there was trial to a jury, to which, at the close of the testimony, both sides submitted special interrogatories, "to be considered as the verdict in the case," and upon the return thereof into court there was judgment for defendant that plaintiffs take nothing by their suit, and that they be taxed with the costs. After motion for a new trial filed and overruled, plaintiffs bring the case here for review.

The motion for a new trial is embodied in the petition in error, is copied in the briefs of plaintiffs in error, and constitutes the only assignment of error. It follows:

· "First. * * * The court erred in not allowing the jury to bring in a general verdict.

"Second. The decision of the court is not sustained by sufficient evidence and is contrary to law in this: (1) The court erred in not finding from the evidence that Elm creek, described in plaintiffs' petition, is a natural water course. (2) The court erred in finding that the water which flowed through the Elm creek, and diverted by the dam and out of the Snowder ditch onto the land of plaintiffs, was surface water. (3) The court erred in not finding from the law and evidence that the water flowing in Elm creek, and diverted by the dam, was water flowing in a natural water course at the time it was diverted. (4) The court erred in finding from the law and evidence that the common-law rule governing the flow of surface water was applicable to and governed the flow of water flowing in Elm creek at the time it was diverted. (5) Error of law occurring at the trial and excepted to by the plaintiffs."

This being a suit in equity, the answers returned to the

special interrogatories were merely advisory to the court. *Barnes v. Lynch,* 9 Okla. 158, 59 Pac. 995; *Richardson v. Hockaday,* 12 Okla. 546, 73 Pac. 957; *Franks v. Jones,* 39 Kan. 241, 17 Pac. 663; *Caldwell v. Brown,* 56 Kan. 566, 44 Pac. 10. It was not only the duty, but the right, of the court to decide all questions of law and fact involved in the case. In finding generally all issues in favor of defendant, the court found, in effect, all the facts necessary in support of defendant's plea of estoppel.

No assignment of error is made that such finding is not sustained by sufficient evidence, or is contrary to law. For that reason we cannot consider such contention urged by plaintiffs in error, and said finding must here stand unassailed. We have, however, examined the testimony, and find that the evidence reasonably tends to support all findings of the trial court necessary to support the judgment. Where such is the case, it will not be disturbed by this court on appeal. *Ellison et al. v. Beannabia,* 4 Okla. 347, 46 Pac. 477; *Richardson Dry Goods Co. v. Hockaday et al., supra; Watt v. Amos,* 14 Okla. 178, 79 Pac. 109.

The first ground set forth in the motion for a new trial and assigned as error is not urged.

The judgment of the lower court is affirmed.

All the Justices concur.