## WATSON v. BORAH *et al.*

No. 2698.   Opinion Filed May 6, 1913.

(132 Pac. 347.)

1. **TRIAL—Advisory Verdict—Conclusiveness.**  In suits of purely equitable cognizance the functions of the jury are merely advisory to the court, and the court may make and return its own findings of fact based upon the evidence, independent of the verdict of the jury.

2. **APPEAL AND ERROR—Harmless Error—Instructions—Equitable Suits.**  Where findings of fact are made by the court, the court's instructions to the jury are wholly immaterial, and error cannot be predicated thereon.

3. **TRIAL—Appeal and Error—Harmless Error—Equity Proceeding—Submission to Jury.**  In an equity proceeding, the trial judge may, in his discretion, impanel a jury and submit to it distinct questions of fact for its advice; but he should not in such cases submit the case to a jury for a general verdict for the plaintiff or the defendant.  Such a submission is erroneous; but a case should not be reversed for such an error, where it affirmatively appears that, notwithstanding the verdict of the jury, the trial judge reviewed the evidence and reached the same conclusion as the jury.

(Syllabus by Sharp, C.)

*Error from District Court, Wagoner County;*
*Charles Bagg, Judge.*

Action by Aurella Watson against W. A. Borah and others. Judgment for defendants, and plaintiff brings error.  Affirmed.

*Lawrence, Linn & Lawrence* and *W. J. Sellards,* for plaintiff in error.

Opinion by SHARP, C.   Plaintiff, Aurella Watson, sued the defendants, W. A. Borah, C. W. Walcott, I. B. Lumpkin, R. B. Kelly, Lee Collier, and George Jackson, seeking the cancellation of three certain deeds of conveyance and a lease, as follows: Deed from plaintiff to defendant Borah; from defendant Borah to defendant Walcott; from defendant Walcott to de-

fendant Lumpkin; and lease from defendant Lumpkin to defendant Kelly. The suit was dismissed by the plaintiff as to the defendant Collier, and the defendant Jackson filed an answer disclaiming an interest in the subject-matter of the action. The prayer of plaintiff's petition asked that said several deeds of conveyance and said lease "be each declared fraudulent and void, and ordered canceled, and removed as a cloud upon plaintiff's title," and for other relief, and concluded by asking "* * * for such other and different judgment and relief as may be agreeable to equity and good conscience, and for costs of suit." The pleadings being made up, without objection, the issues of fact were submitted to a jury. At the conclusion of the trial the plaintiff requested the giving of sixteen certain instructions, which were each refused. Thereupon the court charged the jury, who after due deliberation returned a general verdict in favor of the defendants.

On the same day there was prepared and filed a journal entry, which recited the proceedings occurring at the trial, the rendition of the verdict, and in which journal entry the court made special findings of fact sustaining the validity of each of the three deeds sought to be canceled. These findings of fact are in part as follows:

"In accordance with the above proceedings and the verdict of the jury, the court finds as follows: That on September 28, 1909, the plaintiff, Aurella Watson, was the owner in fee simple of the land in controversy in this case, described as the W. ½ of the N. E. ¼, and the N. E. ¼ of the N. E. ¼ of section 8, township 17 north, range 15 east, situated in Wagoner county, Okla., and containing 120 acres, and on said September 28, 1909, the plaintiff sold and conveyed the said land by warranty deed, in which her husband, Pink W. Watson, joined, to the defendant W. A. Borah; that said deed was duly and regularly executed and delivered; that it was recorded on October 8, 1909, and now appears of record in Book 74 at page 378 in the office of the register of deeds of Wagoner county, Okla.; that said deed was voluntarily executed by the said Aurella Watson and her husband; that no fraud or false representations were practiced or made by the said Borah in ob-

taining the same; that a good, sufficient, and valuable consideration was paid therefor; and that by said deed the title in fee simple to said land was vested in the defendant W. A. Borah."

Similar findings of fact concerning the other deeds were contained in the journal entry, after which it was ordered as follows::

"In accordance with the verdict of the jury rendered on October 20, 1910, and in accordance with the above findings of fact, it is ordered, adjudged, and decreed by this court as follows:  That the defendant W. A. Borah became the owner in fee simple of said land on September 28, 1909; that the defendant C. W. Walcott became the owner in fee simple of said land on October 9, 1909; that the defendant I. B. Lumpkin became the owner in fee simple of said land on the 4th day of November, 1909."

The journal entry concluded by an order quieting the title of the said I. B. Lumpkin.

The errors urged in this court consist of the giving of the second paragraph of the court's charge and the refusal to submit the plaintiff's several requested instructions.

A suit for the cancellation of a deed of conveyance is one of equitable cognizance, invoking, as it does, an equitable remedy.  Pomeroy's Equity Jurisprudence, secs. 110, 112, 171, 188. In such cases the verdict of the jury is not binding upon the court, and it may either adopt or disregard their conclusions, as the whole subject-matter finally rests with the court for its determination.  *Barnes et al. v. Lynch et al.,* 9 Okla. 156, 59 Pac. 995; *Richardson R. B. Dry Goods Co. v. Hockaday et al.,* 12 Okla. 546, 73 Pac. 957; *Murray et al v. Snowder,* 25 Okla. 421, 106 Pac. 645; *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901.

The court not being bound by the verdict of the jury, it follows that possible errors committed in charging, or refusing to charge, the jury are of no consequence, as the conclusions reached upon the conflicting testimony are not the result of the verdict, but of the court's own consideration of the evidence.  The court did not simply adopt the verdict of the jury as his findings of

fact, although the conclusion reached was in accord with the verdict. Specific findings were made sustaining each of the conveyances attacked. Concerning the deed from plaintiff to Borah, the court found, as. has been seen, that the deed from plaintiff and her husband to said Borah was duly and regularly executed and placed of record; its execution was voluntary; no fraud or false representations were practiced in its procurement; and a good and valuable consideration was paid therefor. This question is one settled by authority in this state.

In *Barnes et al. v. Lynch et al., supra,* in this connection it was said:

"The law is, however, in cases of equitable cognizance, that while the judge may call in a jury or consent to one, for the purpose of advising him upon questions of fact, he may adopt or reject their conclusions as he sees fit, and that the whole matter must eventually be left to him to determine, and that the instructions furnish no ground of error upon appeal. It was not only the right, but the duty, of the court to finally determine all questions of fact, as well as of law"— citing cases.

In *Richardson R. B. Dry Goods Co. v. Hockaday et al., supra,* the rule previously announced was adhered to. It was there held:

"In actions which are purely equitable, the functions of the jury are only advisory to the court, and, the court having adopted the verdict of the jury as his findings of fact, the instructions of the court to the jury are wholly immaterial, and error cannot be predicated thereon."

In *Murray et al. v. Snowder, supra,* the suit was in equity, and it was said by the court:

"This being a suit in equity, the answers returned to the special interrogatories were merely advisory to the court. *Barnes v. Lynch,* 9 Okla. 158, 59 Pac. 995; *Richardson v. Hockaday,* 12 Okla. 546, 73 Pac. 957; *Franks v. Jones,* 39 Kan. 241, 17 Pac. 663; *Caldwell v. Brown,* 56 Kan. 566, 44 Pac. 10. It was not only the duty, but the right, of the court to decide all questions of law and fact involved in the case."

In *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, it was said that in an equity

proceeding the trial judge may in his discretion impanel a jury and submit to it distinct questions of fact for its advice; but he should not in such cases submit the case to the jury for a general verdict for the plaintiff or the defendant. It was held that such a submission was erroneous, but that the case should not be reversed for such an error, where it affirmatively appears that, notwithstanding the verdict of the jury, the trial judge reviewed the evidence and reached the same conclusion as the jury. Attention was called to section 5680, Comp. Laws 1909, requiring the court in every stage of action to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and that no judgment shall be reversed or affected by reason of such error or defect. Obviously neither the instructions given nor those requested had anything to do with the court's separate and independent findings of fact. Hence any error committed would not be such as could affect the substantial rights of the plaintiff in error.

In *Wat-tah-noh-zhe et al. v. Moore,* 36 Okla. —, 129 Pac. 877, the rule announced in *Barnes v. Lynch et al., supra,* was expressly recognized and reasserted.

There being evidence reasonably tending to support the special findings of the court, and the only errors complained of and urged in the brief of counsel being those arising out of the court's charge and the requested instructions, no error is shown to have been committed.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.