## GALER *et al.* v. BERRIAN *et al.*

No. 2992.   Opinion Filed January 13, 1914.

Rehearing Denied September 8, 1914.

(140 Pac. 155.)

1.  **TRIAL**—Cancellation of Instruments—Right to Jury Trial—Equity.
    In cases of equitable cognizance (except as otherwise provided by
    statute [Rev. Laws 1910, secs. 4993, 4994]; see **Brewer v. Martin,**
    40 Okla. 350, 138 Pac. 166, and authorities therein cited), the
    judge may call a jury, or consent to one, for the purpose of ad-
    vising him on the questions of fact, and he may adopt or reject
    their conclusions, as he sees fit, for that the whole matter must
    eventually be left to him to determine; and instructions offered
    by the parties furnish no ground of error on appeal.   It is not
    only the right, but the duty, of the court, in such cases, to fully
    determine all questions of fact, as well as of law.

2.  **APPEAL AND ERROR**—Findings—Evidence.   The rule in this ·
    court is that, where the evidence reasonably tends to support
    the findings of a trial court or a jury in such court, the same
    will not be reviewed in this court.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by F. W. Galer and others against F. L. Berrian and
others.   Judgment for defendants, and plaintiffs bring error.   Af-
firmed.

*Tillotson & Elliott, W. H. Kornegay, Glass & Weaver,* and
*A. C. Hough,* for plaintiffs in error.

*W. D. Humphrey,* for defendants in error.

LOOFBOURROW, J.   In January, 1910, the Northwestern
Development Company was a corporation duly organized under
the laws of the United States and doing business in the county
of Nowata, state of Oklahoma.   At that time F. L. Berrian
and others, defendants, were the owners of 185 shares of stock
in said corporation, and the plaintiffs, F. W. Galer, J. K. Keenan,
and George E. Woodard, purchased said shares of stock from

said defendants for the purpose of obtaining the controlling interest in said Northwestern Development Company, said company having a certain 60-acre oil-bearing lease in Nowata county, the plaintiffs paying therefor the sum of $4,255 in cash, the balance of $2,771 being divided into four equal installments, each installment being represented by a promissory note; said installments falling due in three, six, nine, and twelve months from date. The notes were payable to cashier of State Bank & Trust Company, as trustee of defendants, and with the contract were deposited in escrow with said bank. The first note became due April 26, 1910, and was then paid. On July 13, 1910, plaintiffs brought this suit against the defendants, charging that the defendants did fraudulently and falsely represent unto the plaintiffs that well No. 5 upon said lease had been completed on the 17th day of November, 1909, and that the same had been completed through an oil-bearing sand, beginning at 637 feet from the top of the ground, and running to 655 feet from the top of the ground, and that said well had never been shot, and that overnight it had filled up with 350 feet of oil, and that at said time it stood full of oil, and there was no gas in said well; that, in truth and in fact, no oil had been found in said well; and, in truth and in fact, there was no oil-bearing strata of any kind encountered therein. Plaintiffs asked for a judgment against the defendants for the amount of money actually paid to them, for a surrender of the unpaid notes; that the judgment be declared a lien upon the stock, and the stock sold to satisfy said judgment; and for a personal judgment against each of the defendants. These charges were by the defendants denied, and, after issue joined, the case was tried in the district court; a jury being impaneled for the purpose of advising the court on questions of fact. The gist of this case is the question of the alleged fraud or misrepresentations on the part of the defendants in error at the time of or in the negotiations leading up to the sale.

At the conclusion of the trial, plaintiffs requested six certain instructions, which were each refused. Thereupon the court charged the jury, to nine of which instructions plaintiffs excepted. The court submitted four interrogatories to the jury. No. 1

is as follows: "Was there fraud or misrepresentation used by the seller or sellers of the property in controversy at the time the sale was consummated, or in the negotiations leading up to the consummation of the sale of the property?" Which interrogatory the jury answered, "No." The other three interrogatories depended upon the answer to No. 1, and it is not necessary to consider them. Thereafter a journal entry was prepared, reciting the proceedings of the trial, and incorporated therein were the special interrogatories and the answers thereto as returned by the jury, and the court reached the same conclusion as to the facts as shown by the interrogatories and answers of the jury.

The court found:

"* * * That there was no fraud or misrepresentation used by the defendants Berrian *et al.,* in selling the 185 shares of stock involved in this case, either at the time the sale was consummated or in the negotiations leading up to the sale; that the plaintiffs were not induced to buy the stock by fraud or misrepresentation; that the plaintiffs have no right to rescind, and that the defendants are entitled to the full payment of the consideration bargained for and paid, or agreed to be paid by the plaintiffs; that the contract attacked by plaintiffs is good and valid; that the plaintiffs take nothing by this action. That the cashier of the State Bank & Trust Company, payee in the notes aforesaid and trustee for the defendants, have and recover of and from the plaintiffs the full amount due upon said notes."

Exceptions were properly saved to the findings of fact and conclusions of law, and to the judgment of the court.

The errors assigned in this court are:

"That the verdict and decision is contrary to the law, and is not sustained by sufficient evidence."

"That the court erred in refusing to give instructions requested by the plaintiff."

"That the court erred in giving instructions No. 5½, 7½, and 9, respectively."

A suit for the rescission of a contract is one of equitable cognizance, invoking, as it does, an equitable remedy. In such cases the facts deduced from the evidence are ultimately determined by the court, and the court may either adopt or disre-

gard the conclusions reached by the jury as to the facts established in the case. This identical question has frequently been before this court. See *Barnes et al. v. Lynch et al.*, 9 Okla. 156, 59 Pac. 995; *Richardson R. B. Dry Goods Co. v. Hockaday et al.*, 12 Okla. 546, 73 Pac. 957; *Apache State Bank v. Daniels*, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901; *Wat-tah-noh-zhe et al. v. Moore*, 36 Okla. 631, 129 Pac. 877; *Watson v. Borah et al.*, 37 Okla. 357, 132 Pac. 347; *Caldwell v. Brown*, 56 Kan. 566, 44 Pac. 10.

We have read all of the testimony. The record consists of more than 460 pages, and in such record there is sufficient evidence to support the findings of fact and the judgment in this case. Mr. Woodard, one of the plaintiffs, who made the trade, had been in the oil business for more than 25 years, and he personally examined this lease, and the negotiations extended over a period of about two months before they were finally consummated. Well No. 6 was drilled after plaintiffs purchased this property; thereafter well No. 5 was cleaned out, and was declared to be a nonproducer; and thereafter No. 7 was drilled. The court heard the witnesses testify, and, applying the rule of credibility in such cases, reached the same conclusion as we have reached after reading the record. Contracts cannot be rescinded because one of the parties thereto may have made a bad bargain.

The judgment of the trial court is affirmed.

All the Justices concur.