### CRUMP v. LANHAM et al.

No. 4976—Opinion Filed May 29, 1917.

Rehearing Denied Oct. 30, 1917.

(Syllabus.)

**1. Pleading—Motion to Strike Part of Petition—Ruling.**

It is not error for the court to overrule a motion to strike out certain portions of a petition where such parts are not statements of redundant or irrelevant matter, but are germane to the issues.

**2. Appeal and Error—Harmless Error—Error in Pleadings or Proceedings.**

The court will disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and will not reverse a judgment by reason of such error or defect.

**3. Appeal and Error—Trial—Advisory Verdict—Instructions—Determination of All Issues.**

In cases of equitable cognizance the judge may call a jury, or consent to one, for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions, as he sees fit, and instructions offered by the parties furnish no ground of error on appeal. It is not only the right, but the duty, of the court in such cases to finally determine all questions of fact as well as of law.

**4. Appeal and Error—Review of Evidence—Equitable Proceeding.**

In an equity proceeding this court will weigh the evidence, but the judgment of the trial court will not be set aside where it is not clearly against the weight of the evidence.

Error from District Court, Garvin County; R. McMillan, Judge.

Action by P. G. Lanham against R. L. Garrett and W. B. Crump. Judgment for plaintiff against defendant Crump, and he brings error. Affirmed.

J. B. Thompson, for plaintiff in error.

Blanton & Andrews, for defendant in error Lanham.

RAINEY, J. One P. G. Lanham instituted this action in the district court of Garvin county, Okla., against R. L. Garrett and W. B. Crump, for the cancellation of a note and mortgage in favor of R. L. Garrett, and assigned before maturity to W. B. Crump. Plaintiff alleged in substance that the note and mortgage were secured from him by fraud, and were without consideration and void; that the consideration for the execution of said note was a "Little Crater crude oil burner contract," which Parrett, through his agent, W. C. Frost, represented to the plaintiff would cost $5,000, and that Frost pretended and agreed to enter into a partnership with Lanham to purchase such contract for said sum, each party to pay one-half of the purchase price; that the contract was written in the name of Frost, but in truth and in fact Frost paid nothing for his interest therein; that the contract was against public policy and in violation of the laws of the state and of the United States; and that the said W. B. Crump, one of the defendants, took the assignment of the note and mortgage, well knowing the facts and circumstances surrounding the execution thereof, and after he had been warned by the plaintiff, Lanham, not to purchase the same. The defendants, Garrett and Crump, filed separate answers, each admitting the execution of the note and mortgage, and its transfer from Garrett to Crump. Garrett also admitted that the sole consideration for the execution of the note and mortgage was the "Little Crater crude oil burner contract," but denied that the same was in violation of the laws and contrary to public policy, and disclaimed any interest in the controversy. Defendant Crump denied that the note and mortgage were without consideration, and also denied that the contract was contrary to law and public policy. He further alleged that instead of being warned by Lanham not to purchase the note, that he had made inquiry of the said Lanham, and was informed by him that the note was in all respects all right, and was as good a note as he could make, and alleged that the plaintiff was estopped to plead want of consideration for the execution of said note, even if such there were. The plaintiff filed a reply denying all the affirmative allegations in defendant's answer, except as pleaded in his original complaint. When the cause was reached for trial the trial judge impaneled a jury to assist him in determining the issues of fact. On the facts as found by the jury in response to interrogatories propounded by the trial judge, the court rendered its decision in favor of the plaintiff, Lanham, and against defendant Crump, and canceled the note and mortgage. Defendant Crump brings the case here. The defendant Garret is made a defendant in error, but is not represented in this court. The parties will be hereinafter denominated as in the trial court.

Counsel for Crump argues 15 assignments of error out of the 27 assignments alleged in his petition in error. We will consider these assignments in the order presented in the briefs.

In the first assignment of error it is charged that the court erred in overruling

defendant's motion to strike from plaintiff's petition the following language.:

"And of the United States and that the company issuing said contracts have been denied the use of the mails by the post office authorities; and that the president of the said company has been arrested charged with the fraudulent use of the mails in carrying on said business; that said business could not be carried on by this plaintiff under the terms of said contract without violating the laws and public policy of the state of Oklahoma and of the United States."

In the absence of statute, the power to strike a pleading or separate part thereof is inherent in the court. Such a motion, like a demurrer, admits the truth of all facts well pleaded for the purpose of the motion, and should be granted only in clear cases. The granting or refusing of a motion to strike is a matter within the sound discretion of the court. 31 Cyc. 616. With reference to the authority of the court to strike out pleadings, section 4770, Rev. Laws of Oklahoma, 1910, provides:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby. * * *"

This section, which is identical with section 4323, Wilson's Statutes, was construed by the Supreme Court of Oklahoma Territory in the case of Berry et al. v. Geiser Manufacturing Co., 15 Okla. 364, 85 Pac. 699, in an opinion by Irwin, Justice. It was there said:

"The ruling of the court striking out certain parts of the petition must depend for its correctness upon two propositions: First, was the matter stricken out redundant or irrelevant? Judge Black, in his Law Dictionary, page 1009, defines 'redundancy' to be: 'The insertion in a pleading of matters foreign, extraneous, and irrelevant to that which it is intended to answer. The fault of introducing superfluous matters into a legal instrument.' The term 'irrelevant' is by the same learned author at page 644 defined to be: 'Not relevant, not relating or applicable to the matter in issue, not supporting the issue.' Bouvier's Law Dictionary, vol. 2, p. 433, defines the term 'redundancy' as: 'Matter introduced in an answer, or pleading, which is foreign to the bill or articles.' Now in the case at bar, the question is: Were the matters stricken out foreign to the case? Were they immaterial, or extraneous to the issue involved? If so, the decision of the trial court was right, if not, it was wrong."

If the motion had been directed solely at that part of the paragraph above quoted, which charged that the president of the company had been arrested, we think it should have been sustained. But the principal allegations contained in that part of the petition challenged by the motion to strike were in our opinion germane to the action as pleaded. Evidence supporting the major part of the allegations sought to be stricken, if offered, would have been relevant and material to the issues. If in fact, as alleged, the contract was contrary to public policy and was in violation of the laws of the state and federal governments, proof of such fact would have had an effective bearing on the truth of the facts in dispute. It is urged, however, that the plaintiff did not prove all of these allegations. At the time of passing on the motion in this, as in similar cases, the court could not anticipate what the proof would be, and in determining as to whether or not the motion to strike should have been sustained we are governed by not what in fact was proven, but what properly could have been proven under the pleadings. The court did not err in overruling the motion.

Counsel for defendant Crump, in the second assignment of error, contends that the court erred in overruling his motion to make the petition of the plaintiff in error more definite and certain by attaching a copy of the Little Crater crude oil burner contract, and in support of this contention cites section 4769, Rev. Laws of Oklahoma 1910, which reads as follows:

"If the action, counterclaim or set-off be founded on account or on a note, bill, or other written instrument as evidence of indebtedness, a copy therof must be attached thereto and filed with the pleading."

The cause of action was not solely founded upon the contract, but largely upon extraneous matters of fraud, which the plaintiff claimed induced him to execute the note and mortgage sought to be canceled. In our judgment the court should have required the plaintiff to attach this contract, since he had pleaded it, but as it was introduced in evidence, the error was technical, and, as the whole case was submitted to the court, as will hereinafter appear, the error did not affect the substantial rights of the defendants. We would not be justified in reversing the cause on this ground, for by express provision of our statute it is made the duty of this court to disregard such errors as have not affected the substantial rights of the adverse party. Section 4791, Revised Laws of Oklahoma 1910.

Under the third assignment of error complaint is made that the court erred in

submitting this cause to a jury, and in submitting to the jury certain questions to be answered pertaining thereto. Counsel then say:

"Clearly this was not a jury case. While it is true the court perhaps had authority to submit certain questions to a jury for its verdict on a question of fact, owing to the peculiarity of this case, as disclosed by the record, it was not a case that should have been submitted to a jury."

We cannot agree with this contention. Section 4994, Rev. Laws 1910, after making provisions for jury trials in certain cases, reads:

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this Code."

The above and kindred statutes have frequently been construed by this court. McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146; Wah-tah-noh-zhe et al. v. Moore, 36 Okla. 631, 129 Pac. 877. In the McCoy Case, supra, Commissioner Harrison, in a well-considered case, speaking for the court, said:

"These statutes, viewed in the light of the authorities above cited, are susceptible of but one logical construction, viz., that all issues of fact, arising in actions for the recovery of money or the recovery of specific real or personal property, shall be tried by a jury unless a jury is waived or a reference ordered. They are mandatory both in meaning and language, and to refuse a jury in such cases would constitute reversible error; and in section 5786 the language is equally strong, and the provisions equally mandatory, that all other issues shall be tried by the court subject to its power (discretion) to submit the issues to a jury or direct a reference. This action not being one for the recovery of money nor for the recovery of specific real or personal property, but an action to declare a resulting trust—strictly an equitable action—it was discretionary with the court whether the issues of fact raised by the pleadings be submitted to a jury or [be] tried by the court."

That the court has the power (discretion) in an equitable action to submit all or a part of the issues of fact to a jury is no longer an open question in this jurisdiction.

The fourth, fifth, sixth, seventh, and eighth assignments of error complain of the particular interrogatories submitted, and of alleged errors in the court's instructions to the jury. For reasons which we will presently state, it is unnecessary to particularly set out and to comment at length on these matters. Suffice it to say that after a critical examination of the matters complained of we have concluded that the instructions were fair, and that the law, considering the charge as a whole, was correctly given to the jury. But even if there were error in the instructions, such error was cured when the court adopted the jury's findings and made them his own and rendered judgment thereon.

The findings of the jury upon the interrogatories submitted were only advisory and the court had the right to either adopt or reject such findings. In a purely equitable action the parties are not entitled to a jury trial as a matter of right, and although the court may, in its discretion, submit interrogatories to the jury, the answers thereto are only advisory, and the court may adopt or reject such findings as it sees fit. This has been the holding of this court for so long that it seems useless to cite authorities. Kentucky Bank & Trust Co. v. Pritchett, 44 Okla. 87, 143 Pac. 338; Moiser v. Walter, 17 Okla. 305, 87 Pac. 877; Richardson D. G. Co. v. Hockaday, 12 Okla. 546, 73 Pac. 957; Wah-tah-noh-zhe v. Moore, 36 Okla. 631, 129 Pac. 877; Apache State Bank v. Daniels, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520; Murray v. Snowder, 25 Okla. 421, 106 Pac. 645; Hogan et al. v. Leeper, 37 Okla. 655, 133 Pac. 190, 47 L. R. A. (N. S.) 475; Mo. Valley Lbr. Co. v. Reid, 4 Kan. App. 4, 45 Pac. 722; Shorten v. Judd, 60 Kan. 73, 55 Pac. 286.

The remaining assignments of error challenge the correctness of the rulings of the court in admitting certain testimony, and in limiting in the instructions of the court to the jury the effect of other evidence. We have carefully examined the evidence objected to and believe the same was relevant and material, and that the court did not err in admitting the same. We fail to see how the defendant could have been prejudiced by its admission even in a jury case. In any event it could not have been error in an equitable action, for it has frequently been held by this court that where incompetent testimony is admitted together with other testimony that is competent to the material issues, that the case will not be reversed, unless it appears that the court in reaching its decision relied on such incompetent evidence. Kennedy v. Pawnee Trust Co., 34 Okla. 140, 126 Pac. 548.

This case was ably tried in the court below and has been well presented here by counsel for plaintiff and defendants. Counsel for Mr. Crump, on page 16 of his brief, states:

"The sole issue in this case was, and is: Did the defendant Crump purchase the note after he had a conversation with the plaintiff, Lanham, in which Lanham told him the note was as good as he could make a note, and would be paid, and to go on and purchase it, or did Crump purchase the note after Lanham had warned him that there was no consideration for the note, and he would not pay it? This was the very crux of the controversy. The issue was sharply drawn. The testimony, pro and con, on the question was submitted. The conflict in the evidence was irreconcilable, except that those who testified to one or the other of the theories not only were mistaken but were guilty of willful perjury."

Our statute (section 4109. Rev. Laws of Oklahoma 1910) provides that every holder of a negotiable instrument is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. The trial court in effect found not only that Garrett's title to the note was defective, but also that the defendant Crump had not acquired the title as a holder in due course.

We agree with counsel for defendant Crump that this is purely an equitable action, and that the cause was triable to the court. In such cases the rule recognized by this court is that it is the duty of this court to consider the whole record, to weigh the evidence, and when the judgment of the trial court is not clearly against the weight of the evidence, the same will be upheld. If the judgment of the trial court is clearly against the weight of the evidence, this court will render or cause to be rendered such judgment as the trial court should have rendered. Schock et al. v. Fish, 45 Okla. 12, 144 Pac. 584.

We have examined the record and find that the plaintiff, Lanham, offered considerable evidence in support of his contention that the defendant Crump purchased the note with full knowledge of its infirmities, while Crump, on the other hand, also offered considerable evidence to the effect that he did not have knowledge of any defects in the note, and that he had made inquiry and had been advised by plaintiff, Lanham, that the note was free from infirmities. If the judgment of the trial court had been for Crump, we could not say that such judgment was not supported by the evidence,

and likewise we cannot say that the judgment, as rendered in favor of the plaintiff, is not supported by sufficient evidence. As stated by counsel for defendant Crump, the issue was sharply drawn and the conflict in the evidence was irreconcilable. Therefore it was the province of the trial court in this case to determine the credibility of the witnesses and the weight and value to be given their testimony.

The cause is therefore affirmed.

All the Justices concur.