No. 31,067.

IDA M. HOLSINGER et al., *Appellees*, v. THE COMMERCIAL STATE BANK OF ROSEDALE et al., *Appellants*.

(20 P. 2d 451.)

Opinion filed April 8, 1933.

J. H. Brady and N. E. Snyder, both of Kansas City, for the appellants.

Arthur J. Mellott and Hugh E. Brownfield, both of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action plaintiffs are seeking to trace funds arising from liberty bonds which had been placed in the Commercial State Bank for safe-keeping. The bank became insolvent, and its assets had passed into the hands of a receiver. The purpose of the action is to have the court adjudge that the funds are entitled to a preference. While the state bank was solvent and a going concern several parties deposited their liberty bonds with it for safe-keeping. On September 11, 1930, the bank, being insolvent, was taken over by the state banking department, and in conformity with the law was placed in the hands of Charles W. Johnson, as general receiver, and C. E. Williamson, as assistant general receiver. When the bonds were deposited with the bank, the following receipt or certificate was given the owners by the cashier:

"Rosedale, Kan., March 4, 1921.

"This certifies that Ida M. Holsinger has deposited in this bank two thousand (par value) in U. S. fourth liberty loan 4¼ per cent coupon bonds, returnable to him or to his order at this bank on surrender of this certificate properly indorsed. Interest payable hereon in lieu of the interest on such bonds, according to the terms and tenor of such bonds. . . .

(Signed) E. W. SANDERS, Cashier."

These bonds, it appears, were pledged as collateral by the bank without the knowledge or consent of the owners and were thus misappropriated and transferred to the Home Trust Company of Kansas City, Mo. Three plaintiffs, owners of the bonds, joined together in a single action, with the consent of all parties, to avoid a multiplicity of suits, and the evidence, it is said, is equally applicable to each claim of the several plaintiffs. Upon a trial the court found that the proceeds of the wrongful sale of the bonds came into the hands of the receiver and augmented the funds obtained by him from the assets of the Commercial State Bank. The court held that the plaintiffs had sufficiently traced and identified the funds,

and are entitled to have them paid as preferred claims. The defendants appeal and contend that there were errors in the findings and judgment.

There was no dispute in fact but what the bonds were deposited with the Commercial State Bank, and that they had been misappropriated and transferred as collateral to its correspondent, the Home Trust Company. The right of plaintiffs to a general claim against the receiver was in fact conceded, but defendent argues that plaintiffs were not entitled to be treated as preferred creditors.

The first assignment is that there was error in denying defendants' claim for a jury trial. It is contended that the action involved the recovery of money and damages for breach of the contract for safe-keeping of bonds, and that he was entitled to a jury trial. The primary purpose of the action was to establish the trust relation between the parties as to the deposit for safe-keeping and to enforce a trust against proceeds of the wrongful transfer of the bonds. There was no dispute as to ownership of the bonds, no dispute as to the receipt of the bonds by the bank for safe-keeping, and no question that the bank had failed to deliver the bonds to the owners. Plaintiffs were seeking to establish the fact that the bonds constituted a trust fund which had passed into the hands of the receiver and that it was so identified and traced as to entitle the plaintiffs to have the deposit taken out of the class of general claims and have it adjudged to be a preferred claim. It is manifestly a suit for equitable relief, and a party is not entitled, as a matter of right, to a jury in a suit in equity. The money asked was a mere incident of the granting of the equitable relief, and there was no error in refusing the demand for a jury trial.

It is next contended that the evidence is insufficient to prove plaintiffs' cause of action, and that there was error in overruling defendants' demurrer to plaintiffs' evidence filed at the close of plaintiffs' testimony. It is unnecessary to discuss matters not in controversy between the parties. At the trial, when the right of plaintiffs was raised, counsel for defendants stated:

"We are not contesting the fact, and it is admitted, as Mr. Mellott says, that these plaintiffs had deposited certain bonds with the Commercial State Bank of Rosedale. The receipts show that, and it is admitted that these plaintiffs are entitled to a general claim against the receiver and against the

bank for the amount as shown by the receipts; so, as I see it, there is only one issue, and that is as to whether or not they are entitled to a preference."

Nothing is in controversy, therefore, except the matter of preference. The ownership of the bonds remained in plaintiffs before and after the misappropriation of the same. It is disclosed that the bank clipped the coupons from the bonds and placed the proceeds of the same to the accounts of the several owners, but the certificates showed that the bonds as deposited were to be returned "on surrender of the certificates properly indorsed."

The principle to be applied to special deposits, where a preference is claimed as against funds which passed into the hands of the receiver, is briefly stated in *State Bank v. State Bank*, 114 Kan. 463, 218 Pac. 1000, as follows:

"Before a claim can be allowed as a preferred claim against the receiver of an insolvent bank, it is necessary to establish, first, that the claim in question is a trust fund, and, second, that the fund in some form was a part of the assets of the bank which passed into the hands of the receiver." (Syl. ¶ 1.)

These requisites were fulfilled, we think, by the plaintiffs. The fact that the bank cut the coupons from the bonds and placed the amount of the same to the credit of the owner, did not change the bailment and obligation which was that the bank should safely keep and return the bonds. (*Bloomheart v. Bank Commissioner*, 114 Kan. 786, 221 Pac. 279.)

The general doctrine in relation to preference was stated in *Secrest v. Ladd, Receiver*, 112 Kan. 23, 209 Pac. 824, a case which has some features of the present action. It was there said:

"Was the special deposit made by the plaintiff in the bank a trust fund, and if it has the trust character can it be followed and payment required out of the assets of the bank in preference and before distribution to general creditors? There can be no doubt of the fiduciary relation between the plaintiff and the bank. The fund was placed in the bank to be applied to a specified purpose for the benefit of plaintiff. It was not to go into a general account and had none of the characteristics of a general deposit. It was intrusted to the bank to be applied in payment of the shares of capital stock when the same were authorized and issued. . . . The beneficial ownership of the fund remained in the plaintiff, and the misapplication of it by the bank did not change its trust character. . . . If the trust fund can be identified it may be followed through every mutation and subjected to the trust." (p. 24.)

The evidence showed that liberty bonds were taken over by the Commercial State Bank and pledged to the correspondent bank,

the Home Trust Company. No entry was made upon the blotter, but when the banking department and its receiver took over the assets of the failed bank the records showed that $3,000 in liberty bonds of customers was credited, and they listed these bonds as among the liabilities of the bank, which included the plaintiffs' bonds to the amount of $2,300. In the books of the company containing a record of the transactions there was some confusion, but, upon a reconciliation statement, it appeared that, taking note of certain discounts, there was $4,714.37 held as an asset of the failed bank. A showing was made that there was fluctuation in the status of the accounts by reason of discounts and rediscounts, but when the receiver made an adjustment with the Home Trust Company, there was a balance of the assets of the Commercial Bank, and that the receiver had obtained $3,650.65, and included in this amount was the $2,300 represented by the proceeds of the plaintiffs' bonds. These proceeds evidently went into the hands of the receiver, and, although there was a balancing of accounts, it was reasonably clear that the proceeds of the bonds passed to the receiver and augmented the assets of the Commercial State Bank which came into the hands of the receiver.

Under the rules stated we think the plaintiffs traced the money into the hands of the receiver, and we think it is entitled to the preference which the district court awarded. (*Nelson v. Paxton, Receiver,* 113 Kan. 394, 214 Pac. 784; *Peoples State Bank v. Burlington State Bank,* 128 Kan. 274, 277 Pac. 39.)

Some objections are made to rulings on the admission of evidence, but upon examination we found that they are not grounds for a reversal.

The judgment is affirmed.