No. 31,197.

AMBERG SCHWAB & COMPANY, *Appellee*, v. THE COMMERCIAL STATE BANK OF ROSEDALE, and CHARLES W. JOHNSON, Receiver, *Appellants*.

(22 P. 2d 442.)

Opinion filed June 10, 1933.

J. H. *Brady* and N. E. *Snyder*, both of Kansas City, for the appellants.

H. S. *Roberts*, of Kansas City, T. G. *Newbill* and W. A. *Brannock*, both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to have a claim against a failed bank and its receiver established as a preferred claim. The trial court overruled a demurrer to the amended petition, and defendants have appealed.

It is alleged in the petition that plaintiff is a corporation, with its principal office in New York City; that the defendant, the Commercial State Bank of Rosedale, hereinafter called the bank, was organized and conducted business under the banking laws of the state; that Del W. Yeamans & Company, Inc., was a depositor in the bank, and had to its credit on its account as such depositor a sum in excess of the check soon to be mentioned; that on August 16, 1930, it drew its check, payable to plaintiff, on the bank for $321.98, and sent the same to plaintiff; that plaintiff sent the check to the bank for collection and return, that the bank, on September 8, 1930, issued a draft for that amount, payable to plaintiff, drawn on the Home Trust Company of Kansas City, Mo., and sent the same to plaintiff, and wired plaintiff it was "remitting for Yeamans' check to date;" that "soon after" September 11, 1930, plaintiff presented the draft to the Home Trust Company, but the same was protested

and not paid; that before the draft was cashed the bank went into the hands of the bank commissioner, who later appointed a receiver; that after the appointment of the receiver, and in March, 1931, plaintiff filed his claim for the amount of the draft, with protest fees; that the receiver recognized the claim and allowed it as a general claim, but refused to allow it as a preferred claim. The prayer is that the court adjudge the claim to be a preferred one.

Ordinarily, before one can have a claim such as is involved here allowed as a preferred claim against a failed bank and its receiver it is necessary to allege and establish two things: *First,* that the sum or fund in question is a trust fund, as that term is used in that class of cases, and, *second,* that as such it passed into the hands of the receiver (*State Bank v. State Bank,* 114 Kan. 463, 218 Pac. 1000). The underlying principles governing the allowance of such a preferred claim, and the reasons for allowing it as such, are well stated in *Investment Co. v. Bank,* 98 Kan. 412, 158 Pac. 68, and commented upon again in *Schoen v. Johnson,* 134 Kan. 612, 7 P. 2d 117. It is well established that the relation between the ordinary depositor and the bank is that of debtor and creditor. Under the allegations of the petition the Yeamans company, by reason of former business transactions, had a credit with the bank at the time it issued its check to plaintiff. When plaintiff sent the check to the bank, the bank charged the Yeamans company's account with the amount of the check and issued its own draft, payable to plaintiff, on the Home Trust Company. No new money or fund was placed in the bank either by the plaintiff or by the Yeamans company. The bank, by issuing the draft to plaintiff, directed the Home Trust Company to pay plaintiff the amount, and thereby became a debtor to plaintiff, and would have become indebted to the Home Trust Company in the event that company had paid the amount of the draft to plaintiff. The bank was still indebted for the amount, no longer to the Yeamans company, but to plaintiff, since the draft was not honored by the Home Trust Company. Since no new fund was placed with the bank, such a fund could not pass to the receiver. There is nothing in the petition which tends to show that the funds which passed to the receiver were increased or changed in any manner by the transactions recited in the petition. The only thing changed was the party to whom the bank was indebted. Plaintiff is not entitled to a preferred claim.

The facts pleaded present a case much like that ruled upon in

*Guymon-Petro Mercantile Co. v. Farmers State Bank,* 120 Kan. 233, 243 Pac. 231. There plaintiff received checks on the Farmers State Bank of Cunningham in payment of accounts due it from Cunningham retail merchants. These checks were forwarded direct to the Cunningham bank for returns. That bank charged the checks against the checking accounts of the makers and sent drafts in payment, but before the drafts were presented the Cunningham bank failed, and the drafts were dishonored. It was held plaintiff was entitled to a common claim against the assets of the Cunningham bank, but not to a preferred claim, and that the transaction did not give rise to a trust fund in the hands of the receiver. Other cases in accord with it are *Clark v. Bank,* 72 Kan. 1, 82 Pac. 582; *State Bank v. State Bank,* supra; *First Nat'l Bank v. Farmers State Bank,* 119 Kan. 198, 237 Pac. 652; *El Dorado Nat'l Bank v. Butler County State Bank,* 120 Kan. 109, 242 Pac. 475; *First Nat'l Bank v. Farmers State Bank,* 120 Kan. 706, 244 Pac. 1039; *Massey-Harris Harvester Co. v. First State Bank,* 122 Kan. 483, 252 Pac. 247; *Colorado & S. Rly. Co. v. Docking,* 124 Kan. 48, 257 Pac. 743.

To sustain the ruling of the court below appellee cites and relies upon *Tire & Rubber Co. v. Bank,* 109 Kan. 772, 204 Pac. 992; *Secrest v. Ladd, Receiver,* 112 Kan. .23, 209 Pac. 824; *Nelson v. Paxton, Receiver,* 113 Kan. 394, 214 Pac. 784; *Griffith v. Burlington State Bank,* 128 Kan. 279, 277 Pac. 42; and *Holsinger v. Commercial State Bank,* 137 Kan. 387, 20 P. 2d 451.

Without taking space to analyze those cases with care it is sufficient to say that the facts ruled upon in each of them differ materially from the facts pleaded here.

The judgment of the court below is reversed, with directions to sustain the demurrer to the petition.