No. 31,705

AMBERG SCHWAB & COMPANY, *Appellee*, v. THE COMMERCIAL STATE BANK OF ROSEDALE, and CHARLES W. JOHNSON, Receiver, *Appellants*.

(32 P. 2d 1061.)

Opinion filed June 9, 1934.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellants.

*H. S. Roberts,* of Kansas City, *Tyree G. Newbill* and *W. Arnold Brannock, Jr.,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to have a claim against a failed bank, which was allowed as a common claim, adjudged to be a trust fund and allowed as a preferred claim. The case comes to us on appeal by defendants from an order overruling their demurrer to an amended petition.

The case was here before (137 Kan. 902, 22 P. 2d 442) on an appeal from a similar order. There the petition, briefly stated, alleged: Yeamans & Co. was a depositor in the bank, having a credit in its account of an amount in excess of a check given to plaintiff in New York; plaintiff sent the check directly to the bank for collection and return; after some delay the bank sent to plaintiff its draft, drawn on its Kansas City correspondent, for the amount of the check. Before the draft was paid the bank failed and passed into the hands of the defendant receiver. In our former opinion it was held these facts show the relation which existed between the parties was that of debtor and creditor; not that of trustee and *cestui que trust;* and furthermore, there were no allegations of fact showing that any fund, claimed by plaintiff to be a trust fund arising from the transaction, ever passed into the hands of the receiver. This court, therefore, directed the trial court to sustain the demurrer to the petition. This was done. Thereafter plaintiff filed an amended petition, in which the facts were alleged as in the former

ne, **many of them verbatim,** with this additional—that before the bank had issued its draft Yeamans & Co. deposited in the bank "funds necessary to meet the amount of the check which was deposited for that purpose, and that said funds so deposited constituted a special fund for the purpose of paying said check." This is nothing more than saying that deposits had been made in the bank for the purpose of having a fund or credit for the payment of checks drawn on the bank. The fact that a depositor in a bank makes deposits with the intention that checks drawn by him on the bank shall be paid by the bank and charged to his account, and this is his purpose in making such deposits and in having such an account at the bank, does not make the funds so deposited trust funds. The funds deposited become the property of the bank, a part of its general assets. The relation between the bank and the depositor is that of debtor and creditor, and alleging they are special funds for the payment of checks does not convert the general deposit into a trust fund; neither would calling it such a fund give it that status. Hence, the amended petition fails to state facts showing the fund in question was a trust fund, but, on the other hand, shows it to be a common fund, and the claimant for it to be a common creditor.

We might well stop here, for if no trust fund existed no preferred claim could be allowed. But the petition was amended in another respect, regarded by appellee to be important. It is alleged the draft drawn by the bank on its Kansas City correspondent would have been paid if the bank had not failed; that the bank's money in its Kansas City correspondent passed to the receiver. It is argued this is a tracing of the trust fund into the hands of the receiver. This argument fails for two reasons: (1) A trust fund must exist before it can be traced anywhere, and (2) there is no allegation that any deposits made by Yeamans & Co. in the bank were ever placed by it with its Kansas City correspondent.

All the authorities now cited were cited and considered when the case was here before. No facts are alleged in the amended petition which were not previously considered.

The amended petition fails to state a cause of action. The judgment of the court below is reversed with directions to sustain the demurrer thereto.