## COLLMER v. COLLMER.

No. 34759. July 15, 1952.

*246 P. 2d 350.*

L. B. Clay and J. P. Hughes, Hobart, for plaintiff in error.

Carder & Carder, Hobart, for defendant in error.

HALLEY, V.C. J. The parties occupy the same positions in this court as in the trial court, and will be so referred to here.

In his petition plaintiff alleged, in substance: That in December, 1941, he and defendant (his mother) entered into a partnership whereby it was agreed that he was to farm certain lands mentioned in his petition, located in Kiowa county, Oklahoma, and that he was to receive 50 per cent of the net profits. The agreement was oral. Plaintiff further alleged that the partnership continued until 1947, up to which time defendant had made only a partial distribution of the profits, and that she refused to make further or full distribution.

Defendant in her answer denied that a farming partnership ever existed between the parties. She admitted that plaintiff had farmed the land for the period of time mentioned in his petition, but alleged that plaintiff had been fully compensated for such services. In the year 1947 plaintiff married and became dissatisfied with the arrangement he had made with his mother and demanded settlement for his services. Settlement was then entered into whereby plaintiff agreed to accept in full and complete satisfaction of his demand and claim the sum of $2,000, plus a Ford truck, a Chevrolet pickup truck, and a Model G. John Deere tractor, and defendant paid him the $2,000 in cash and conveyed to him the farm machinery above mentioned.

The questions of whether a partnership existed between the parties and whether a settlement had been made as alleged by defendant in her answer were submitted to a jury. The jury returned a general verdict in favor of defendant, and judgment was entered accordingly.

Plaintiff appeals, and relies for reversal upon the following assignments: (1) the evidence is insufficient to support the verdict; (2) error in giving certain instructions; (3) error in refusing to give certain instructions requested by plaintiff.

This was a case of equitable cognizance, and the jury's verdict was merely advisory to the trial judge. It is the duty of this court to make its own determination of the issues of fact and law; and we have weighed the evidence and find that the judgment is not against the clear weight of the evidence, and for that reason we will

not reverse the judgment. Reynolds v. Conner, 190 Okla. 323, 123 P. 2d 664.

Inasmuch as the jury's action was advisory, it is not necessary for us to determine whether there was error in giving certain instructions or refusing to give certain instructions. Crump v. Lanham, 67 Okla. 33, 168 P. 43; Gamel v. Hynds, 69 Okla. 204, 171 P. 920.

The judgment is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.