Ima Lee BARRY, Plaintiff in Error,

v.

Esther D. PHILLIPS, Administratrix-with-the-will-annexed, of the estate of A. W. Phillips, deceased, Defendant in Error.

No. 37955.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Byrne A. Bowman, Felix, Griffin, Bowman & Templin, Oklahoma City, for plaintiff in error.

Hemry & Hemry, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

In this case, Ima Lee Barry, herein referred to as plaintiff, brought an action of equitable cognizance against Esther D. Phillips, administratrix-with-the-will-annexed of the estate of A. W. Phillips, deceased, to establish her ownership in certain promissory notes and a deposit of money in a Texas bank.

Plaintiff recovered a judgment for the amount of the money on deposit in the bank and appeals from that part of the judgment denying her claim to the notes or their proceeds.

The administratrix on her cross-petition recovered a judgment for the possession of the notes and all sums paid by the makers thereon to plaintiff, and appeals from that part of the judgment denying a recovery of the deposit in the Texas bank.

The facts are these: A. W. Phillips was engaged in selling laundry equipment. In the sale of such equipment he accepted notes made payable to himself or order, as follows:

Note dated January 10, 1954, for $10,000, executed by Maytag Sales and Service.

Note dated April 21, 1954, for $4,500, executed by Shirley and Leona Willis.

Note dated January 1, 1954, for $15,000, executed by Hammond Laundry Cleaning Machinery & Supply Co.

Note dated March 20, 1954, for $3,791.16, executed by T. F. Weiss Jr.

Plaintiff's evidence tends to show that her father, Mr. A. W. Phillips, gave these notes to her in January, 1956, as a gift; that after the death of her father and on April 29, 1956, she obtained a check for the amount of $1,541, the balance due on the Willis note; that payment of the check was stopped when the administratrix advised Willis the note was the property of the estate of A. W. Phillips, deceased.

The Willis note provided for monthly payments. Three of the monthly payments that became due after the alleged gift of the note to plaintiff were collected by Mr. Phillips and the proceeds used by him. Several days after her father's death, plaintiff contacted the Hammond Laundry Cleaning Machinery & Supply Co. and collected $5,000 on the Hammond note of $15,000 and received their renewal note for $10,000.

Plaintiff admits that she did not contact or talk with any of the makers of the notes, advising them of her possession or ownership of the notes, or attempt to collect payments due thereon prior to her father's death. The record discloses that Mr. Phillips did not advise any of the makers of the 4 notes that he had delivered the notes to plaintiff. Stipulations of the parties at the trial discloses that the respective makers of the notes would so testify if called as witnesses.

The remaining question of fact for our consideration arises upon plaintiff's claim of ownership of a deposit in the bank in Texas. The record discloses that A. W. Phillips, on November 5, 1954, approximately one year and 5 months prior to his death, opened an account in the bank at Crockett, Texas, to the credit of Ima Lee Barry, his daughter. The record does not disclose the amount of that deposit, but discloses additional deposits were made from time to time. It was stipulated he made deposits in the sum of $1,976 in January, 1956, and a deposit of $2,687.79 in April, 1956. The president of the bank testified that when the account was opened Mr. Phillips stated, " * * * he said he was opening this account for Ima Lee Barry and there would be more deposits later for her."

From the answer and cross-petition, it appears that the balance to the credit of plaintiff in the Crockett bank on the date of Mr. Phillip's death was $10,121.99. The full amount of the deposit was withdrawn by plaintiff subsequent to her father's death.

The evidence is not in dispute that Mr. Phillips, from time to time, made additional deposits which were credited to the plaintiff's account.

The trial judge submitted two interrogatories to the jury as follows:

"Did the deceased, A. W. Phillips, give to plaintiff, and confer on her, the bona fide ownership of the notes in question, as said notes existed prior to his death?",

to which interrogatory the jury answered "no".

"Was the plaintiff, Ima Lee Barry, the bona fide owner of the bank account in the First National Bank at Crockett, Texas, at the time of the death of A. W. Phillips?",

to which interrogatory the jury answered "yes".

From our review of this original record we are of the opinion, and so hold, that the judgment of the trial court that plaintiff was not the owner of the 4 notes here in question is supported by the clear weight of the evidence. As has been pointed out, the evidence does not support plaintiff's contention that the notes in her possession established a gift "inter vivos". Neither plaintiff nor her father, A. W. Phillips, at any time prior to his death, advised the makers that plaintiff was the owner of the notes. Mr. Phillips continued to collect monthly payments on the notes as they fell due, and used the proceeds thereof.

The rule to be here applied is stated in the opinion of Ratcliff v. Lee, 200 Okl. 253, 192 P.2d 843, as follows:

"After the death of an alleged donor, in order to establish a gift inter vivos, the evidence must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift."

See also, Weitz v. Moulden, 109 Okl. 119, 234 P. 583.

This court is committed to the rule that:

"In an action of equitable cognizance, this court will examine the entire record and weigh the evidence, and will not disturb the judgment of the trial court where it is not clearly against the weight of the evidence." Billingslea v. Booker, Okl., 263 P.2d 176, 177.

With reference to the court's judgment in favor of the plaintiff for the balance to her credit in the Crockett bank, we are of the view and so hold that the judgment is not against the clear weight of the evidence, and therefore is affirmed.

We think there are facts and circumstances which differentiate the two findings made by the jury and adopted by the court. As we have pointed out, the original deposit was opened in the Crockett bank in the name of the plaintiff a year and 5 months previous to the death of her father, A. W. Phillips. The relation· of debtor and creditor between the bank and plaintiff was thus established. The president of the bank had been advised by Mr. Phillips to honor any check drawn against the account by plaintiff. The weight of authority seems to sustain plaintiff's argument that the deposit in the name of plaintiff was prima facie evidence that it belonged to her as a gift, and the bank was justified in acting on the basis created by the deposit.

Taliaferro v. Reirdon, 186 Okl. 607, 99 P.2d 500, citing 3 R.C.L. 529 and Hastings v. Hugo National Bank, 81 Okl. 189, 197 P. 457, is urged in suport of plaintiff's contention that where the books of the bank show a deposit of funds in the name of a designated person, a presumption arises that such person is the owner thereof; and that the burden falls upon the administratrix to show that the deposit or funds belonged to the estate. The evidence as a whole does not overcome the prima facie presumption of ownership thus established.

The parties here presented the case as one of equitable cognizance. By agreement, a jury was empaneled, to which the trial judge submitted the two interrogatories, supra. Plaintiff makes complaint that the trial court committed error in its instruction No. 7 given to the jury. That instruction told the jury that the notes could be passed as by gift without endorsement. We are not advised by argument or authority wherein the instruction is erroneous.

Plaintiff further argues that its requested instruction No. 12 was not given to the jury. That instruction is, in substance, the same as the court's instruction No. 7, supra.

We find no error in this respect as the answers to the two interrogatories submitted to the jury were advisory only. In Collmer v. Collmer, 206 Okl. 661, 246 P.2d 350, 351, we held:

"Where a case of equitable cognizance is tried to a jury, the verdict is advisory only, and it is the duty of the court to make its own determination of the issues of fact and law, and in such a case this court, on appeal, will weigh the evidence but will not reverse the judgment on the facts unless it is against the clear weight of the evidence."

Finding no substantial error in the record, we affirm the trial court's judgment in favor of plaintiff for the money on deposit in the Crockett, Texas bank, and affirm the trial court's judgment in favor of the administratrix of the estate of A. W. Phillips, deceased, involving the

4 notes and the monies collected by plaintiff from the makers of the notes subsequent to the death of A. W. Phillips.

It is so ordered.

CORN, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.