H. P. RIVERS, Plaintiff in Error,

v.

Ed PARKER, Defendant in Error.

No. 40280.

Supreme Court of Oklahoma.

May 21, 1963.

B. S. Null, Hartshorne, for plaintiff in error.

W. S. Horton, McAlester, for defendant in error.

HALLEY, Vice Chief Justice.

H. P. Rivers, plaintiff, brought this suit against Ed Parker, defendant, to establish a constructive trust upon 120 acres of land in Pittsburg County, Oklahoma. The parties will be referred to by their trial court designations. After trial to the court, judgment was entered for the defendant. Plaintiff's motion for new trial was overruled and he appeals.

Plaintiff argues two propositions of error. One concerns the alleged erroneous admission of defendant's Exhibit C which was a piece of paper written by plaintiff and signed by defendant. Plaintiff's ground for objection to this exhibit was that it was not sufficiently connected to the transactions in issue in this case by the testimony of the witness at the time it was introduced. It is true that the defendant's witness who identified the exhibit was unable to recall any facts surrounding the exhibit. Later in the trial, however, the defendant himself testified concerning the exhibit and sufficiently connected it up with the disputed transactions in the matter. Thus, there was no abuse of discretion by the trial court in admitting the exhibit into evidence, and no prejudice to plaintiff is shown. The rule concerning this proposition is found in the third paragraph of the syllabus in Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914, wherein we held:

> "In an action tried to the court without the intervention of a jury the admission or exclusion of evidence rests largely in the sound legal discretion of the court and in the absence of a show-

ing that such discretion has been abused and the party complaining has sustained substantial prejudice the ruling of the trial court thereon will not be disturbed."

Plaintiff's other proposition of error is that the judgment of the trial court is clearly against the weight of the evidence. We have recently had occasion to state again the rules of law applicable to a situation such as is at issue in the instant case. We held in the syllabus in Brown v. Greever, Okl., 379 P.2d 689:

"1. A constructive trust may be established by parol evidence, but the law, for the safety of titles, requires that the proof should be of the Most satisfactory and trustworthy kind. The onus of establishing a constructive trust lies upon him who seeks its enforcement, and before a court of equity would be warranted in making a decree therefor, the evidence must be clear, unequivocal and decisive.

"2. In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are clearly against the weight of the evidence.

"3. The findings of a district court in a case of equitable cognizance will not be disturbed on appeal simply because there is a conflict in the testimony, or for the reason that it is possible to draw another conclusion from the evidence."

The facts giving rise to the instant case occurred in 1946 and 1947. Plaintiff was in the real estate business and defendant was a farmer. Plaintiff testified that he and defendant had an oral agreement whereby plaintiff and defendant were to become owners of a one-half interest each in the disputed 120 acres; that plaintiff would use his own time and expenses in contacting and negotiating with the then owners of the land; and that defendant

would spend $800 for the purchase price. Defendant testified that they had no such agreement; that plaintiff, as a real estate salesman, had been attempting to sell the land to defendant for about two years; that defendant finally told plaintiff he would buy the land for $800. There is no dispute that the deed when recorded showed defendant as sole grantee. There was evidence that a name had been erased from the deed and defendant's name typed over the erasure, but defendant and his attorney denied any knowledge of whether the name of the grantee of the deed was changed.

We have examined and weighed the evidence. There was a definite conflict in the testimony, and it is possible that a different conclusion could be drawn from the evidence. But we find and hold that the judgment is not clearly against the weight of the evidence.

Affirmed.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.