In the Matter of the Liquidation of the BANK OF EARLSBORO, Oklahoma, insolvent.

Donald Lee PARKER, a minor, Emery Parker and Alberta Parker, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. Carl B. SEBRING, Bank Commissioner, Defendant in Error.

No. 40485.

Supreme Court of Oklahoma.

April 28, 1964.

Dick Bell, James W. Pipkin, Seminole, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Spurr & Steed, Shawnee, for defendant in error.

JOHNSON, Justice:

The plaintiffs in error, hereafter referred to as plaintiffs, claim to have been general depositors in the defunct Bank of Earlsboro, now in the hands of the defendant in error, State Bank Commissioner, for liquidation. During the proces of liquidation they filed their respective claims against the defunct bank as provided by statute. These claims were rejected, and all plaintiffs appealed to the district court as provided by 6 O.S. 1961 § 162l. For the purposes of the district court trial, all claims were consolidated. A jury trial was demanded by plaintiffs and refused by the trial court. Upon trial before the court, judgment was entered for the Bank Commissioner upon a finding that plaintiffs had failed to establish that they were depositors. This appeal followed.

There is but one contention urged, to-wit: That the trial court erred in denying plaintiffs a jury trial in violation of Sec. 19, Article II of the Oklahoma Constitution.

The greater portion of the plaintiffs' brief is devoted to the assertion that this proceeding is one to recover a money judgment. With this contention we cannot agree. In no event could the trial court have entered a money judgment. Its only function was to determine that the claims were or were not proper claims. Under no circumstance could the court enter a judgment for a fixed amount of money, for the assets available to pay the claims were unknown to the court and are not within its purview to determine.

It is well established by the opinions of this court that in an equitable action, trial by jury is not a matter of right. Russell v. Freeman, 202 Okl. 421, 214 P.2d 443; Dowdy v. Clausewitz, Okl., 361 P.2d 288; Steinway v. Griffith Consolidated Theatres, Okl., 273 P.2d 872.

It is therefore necessary to determine the character of this particular action. It is suggestive of two distinct remedies: (1) Action against a receiver to establish the validity of a claim; and (2) Action to establish and enforce a trust.

A consideration of the first of these leads to the general rule set forth in the heading of 50 C.J.S. Juries § 58, p. 766:

"As a general rule, insolvency and bankruptcy proceedings are not deemed

to come within the application of general constitutional provisions securing the right of trial by jury."

■ We think the taking over of a state bank by the Bank Commissioner is an insolvency proceeding. In this connection we see no distinction between the receivership of a private corporation and that of a state bank under the banking law.

We are impressed with the Kansas case of Holsinger v. Commercial State Bank of Rosedale, 137 Kan. 387, 20 P.2d 451. In that case, suit was brought to establish preference on a claim against the insolvent bank for the proceeds of U. S. bonds which had been wrongly converted. The court held that the plaintiff was not entitled to a jury trial. For the purposes of this case, we see no controlling difference between a suit for priority and one to establish the existence of a deposit as in the present case.

Coming now to the second situation above, we find the headnote of 50 C.J.S. Juries § 30, p. 745, reads:

"Actions for the enforcement and administration of trusts are generally within the jurisdiction of equity and there is no right to a jury trial."

At page 776, 50 C.J.S. Juries § 58, appears the following text:

"It has been held in most jurisdictions that insolvency proceedings are not proceedings according to the course of the common law, but are of a special nature corresponding more nearly to proceedings in a court of equity, and that they are not within the application of the constitutional provisions securing the right of trial by jury. * * *"

In the case of Hurley v. Hurley, 191 Okl. 194, 127 P.2d 147, 148, the distribution of a trust fund was in issue, and the pertinent paragraph of the syllabus reads:

"Money paid into court in settlement of an action for wrongful death brought by the administratrix for the benefit of the next of kin is a trust fund, and the distribution thereof is a matter of equitable cognizance, when the order

for apportionment is not made until after the money is paid into court."

In the body of the opinion appears the following:

"Hurley contends that he was entitled to a jury trial. We do not agree. The fund was a trust fund. Aetna Casualty & Surety Co. v. Young, supra, [107 Okl. 151, 231 P. 261]; 17 C.J. 1226, § 69; 25 C.J.S., Death, § 37, p. 1120. The proceedings for the apportionment and distribution of such fund was therefore an equitable proceedings, since the enforcement of trusts and the distribution of trust property, or funds, are matters cognizable in equity. 21 C.J. 116; 30 C.J.S., Equity, § 60."

Therefore, under either consideration of the character of this proceeding, the parties were not entitled to a jury trial as a matter of right.

Judgment affirmed.

HALLEY, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.