H. H. COUSSENS and Edith Marie Coussens, husband and wife, Plaintiffs in Error,

v.

George W. GILMORE and Ruth Willie Gilmore, husband and wife, and Wilburton State Bank of Wilburton, a corporation, Defendants in Error.

No. 40993.

Supreme Court of Oklahoma.

Feb. 1, 1966.

Schwoerke & Schwoerke, Oklahoma City, for plaintiffs in error.

Willard M. Gotcher and Fred W. Whetsel, McAlester, for defendants in error.

PER CURIAM.

This is an appeal by plaintiffs in error, hereinafter denominated plaintiffs, from a judgment entered in favor of defendants in error, hereinafter denominated defendants, in an action brought to cancel a purported contract for sale of land, for possession of the land, to require the escrow holder to return to plaintiffs the contract and deed and for any other equitable relief to which they might show themselves entitled.

The petition alleges that the plaintiffs were the owners of approximately 900 acres of land located in Latimer County, Oklahoma, and on March 10, 1961, entered into a written contract with the defendants agreeing to sell said land for the sum of $11,500.00, payable in yearly installments of $1150.00 plus accrued interest at the rate of 8% per annum, the final payment to be made on the 1st day of March of the fifth year in the sum of $6900.00 plus accrued interest; that the defendant, Wilburton State Bank, was the escrow holder under said contract of sale and was to hold the deed placed in escrow until the full amount of the purchase price for said land, including interest and taxes, had been paid, at which time the Bank was authorized to deliver said warranty deed to the defendants, Gilmore, and upon default said defendant Bank was to return said deed and contract to plaintiffs; that the defendants, Gilmore, breached said contract in 1962, in failing to pay taxes for the year 1961 and plaintiffs were compelled to pay the same in the sum of $298.95 to protect said land from tax sale; that the plaintiffs elected to bring this action in equity to cancel the contract of sale and for possession of said land; that the defendants, Gilmore, had paid the sum of $1150.00 on principal and $920.00 on interest and that same represents a fair and reasonable annual rental value of said property, but if plaintiffs are mistaken as to the fair and reasonable annual rental value of said property, then plaintiffs offer to restore to said defendants everything of value plaintiffs received under the contract upon the condition that the defendants, Gilmore, pay to plaintiffs the reasonable rental value of said land.

Plaintiffs accordingly pray for the relief to which we have referred hereinabove.

The defendants Gilmore in their answer denied each and every allegation except such as they specifically admit. They specifically deny that plaintiffs are or were ever the owners of the land involved and allege that on March 10, 1961, the date of the execution of the contract of sale, the

plaintiffs owned neither the legal or equitable title to said land and have never had either actual or constructive possession thereof. Defendants Gilmore allege that they are the owners in fee simple of the property involved by reason of a contract and deed entered into by them with W. E. McGuire on the 10th day of December, 1953, which instruments are attached to their answer, and that they have been in actual possession of said property since said date; that said contract and deed with McGuire was placed in escrow with the Wilburton State Bank, Wilburton, Oklahoma, and that thereafter W. E. McGuire died, there being a balance of $6340.00 owing under said contract and in addition thereto there was an outstanding mortgage in the sum of $3218.-96 held by The Commissioners of the Land Office of The State of Oklahoma and unpaid taxes due in the sum of $796.08; that the defendant, George W. Gilmore, owed the plaintiffs for purchases from their store an open account in the sum of $1076.00; that the plaintiff, H. H. Coussens, came to the defendants Gilmore, and offered to loan them the sum of $11,500.00 to be secured by said land and same was accepted and the above amounts owing upon said land were paid from the amount loaned by the said plaintiff and the amount of $1076.00 owing the plaintiffs by the defendants was deducted from the sum of $11,500.00, leaving a balance of $68.61, which the plaintiffs paid to the defendant, George W. Gilmore, in cash.

Such defendants further allege that the plaintiffs and defendants Gilmore on the 10th day of March, 1961, went to the Bank to prepare the instruments in order to close said loan; that the amount due the McGuires under the contract of purchase between the Gilmores and McGuires was paid off and the deed wherein the grantees were the defendants Gilmore was secured from the escrow holder, but that as security for said loan the defendants Gilmore executed a deed to H. H. Coussens and Edith Marie Coussens and simultaneously with the execution of said deed the plaintiffs, Cous-

sens, executed a deed back to the defendants, Gilmore, and the parties entered into a contract providing for payments to plaintiffs, Coussens, of stipulated yearly payments, together with interest at the rate of 8% per annum.

The defendants Gilmore further allege that the execution of the deeds and contract of purchase were intended only as security for the loan and that there was no actual sale of said land made, discussed or contemplated and that the defendants, Gilmore, were assured by the plaintiffs at the time of the execution of said contract that the deed was only to furnish security for said loan and was merely a method for doing so and was for no other purpose; that the defendants Gilmore had paid each and every payment as same became due, have paid the amount of taxes paid by the plaintiffs and have made the 1963 yearly payment under said contract, which was accepted by the plaintiffs, and now stand ready to pay the entire unpaid balance due and owing plaintiffs under said contract.

Such defendants pray that said interest of plaintiffs herein be cancelled, set aside and held for naught and be declared and construed to be a mortgage and that the plaintiffs take nothing by reason of said suit and that they be required to proceed as in foreclosure of the mortgage and that the defendant, Wilburton State Bank, be directed to deliver the so-called contract and deed from the plaintiffs to defendants Gilmore upon their making full payment of the unpaid balance owed under said contract, and for any further and equitable relief to which the Court may find the defendants entitled.

The plaintiffs filed a reply denying allegations of defendants' answer. The defendant, Wilburton State Bank, filed an answer admitting that it was holding the subject contract and deed as escrow holder.

After hearing the evidence of the parties the Court entered judgment as follows: "* * * (F)inds that the allegations of the plaintiffs' petition are not supported by the evidence and judgment is therefore ren-

dered for the defendants; and it is adjudged that the defendants recover their costs from the plaintiffs."

The position of the plaintiffs can be reduced to two propositions:

One: That where executory contract for sale of realty was terminable at vendor's option upon default by purchasers, and time was not of the essence, upon default by purchasers, vendor could, without notice or demand, bring an action in equity to rescind contract and for possession of realty as incidental relief; and

Two: That the sale contract cannot be a mortgage as a mortgage is only collateral to a debt and here no debt existed.

The defendants take the following position:

One: That the transaction and the instruments involved were executed as security for a debt, the deed from defendants Gilmore to Coussens, being in fact a mortgage and that if defendants Gilmore were in default the plaintiffs would have to bring an action to foreclose same as a mortgage; and

Two: That if the contract of purchase was actually a contract of purchase that equity abhors forfeiture and forfeiture would not be granted particularly where the amount owing is capable of exact calculation.

If the transaction involved and the instruments were executed and delivered as security for a debt, which amount is determinable and the evidence is sufficient to support this conclusion, then the question of cancellation of the purported contract of purchase whether it be by forfeiture or otherwise, is of no importance here.

This Court is convinced after consideration of the evidence that the entire transaction was the means worked out and used by the parties to secure the plaintiffs for a loan made by the plaintiffs to the defendants Gilmore in the sum of $11,500.00. The amounts distributed by the plaintiffs as shown by the evidence amounted to $11,-500.00.

The testimony of an official of the defendant Bank supports the contention of the defendants Gilmore that the whole transaction in question was made to secure a loan made the defendants Gilmore by the plaintiffs. The testimony of the plaintiff Coussens himself, when carefully studied, tends to the conclusion that the whole transaction was in connection with a loan made by the plaintiffs to the defendants Gilmore.

The plaintiffs in their petition in error filed with this Court seemed to conclude that under the judgment of the trial court, at least, same was a loan for the reason that said petition in error, among other things, states:

"The Court's judgment must be modified to protect the undisputed rights of these plaintiffs in error for $11,-500.00 loaned to defendants in error, as well as ad valorem taxes paid by plaintiffs in error to protect their interest in contract sued upon."

■ In an action of equitable cognizance the findings and judgment should be sustained unless it appears that same are against the clear weight of the evidence. Collmer v. Collmer, 206 Okl. 661, 246 P.2d 350. From examination of the record it clearly appears that said transaction was carried out and the deeds and contract executed and delivered in connection with and for the purpose of securing plaintiffs for a loan made to the defendants Gilmore.

■ This Court has consistently held that an instrument purporting to be an absolute conveyance of real estate but intended to be security for the payment of money is deemed a mortgage and must be recorded and foreclosed as such. Williams v. Purcell, 45 Okl. 489, 145 P. 1151.

The contention of the plaintiffs that the above rule does not apply because no debt exists is without merit. The record clearly shows the amounts that the defendants Gilmore contracted to pay, they admit their indebtedness to the plaintiffs and same can be exactly calculated.

■ The fact that this transaction was handled first by a conveyance from the borrower of the money to the lender and then a contract for repurchase wherein a deed was placed in escrow from the lender back to the borrower to be delivered upon the payment of the amount borrowed, with interest, would not in any way change the rule, for equity will not suffer mere appearances and external form to conceal true purposes, objects and consequences of transaction, looking to the substance rather than to the form of a transaction. Cobb v. Whitney, 124 Okl. 193, 255 P. 577.

This disposes of both of plaintiffs' propositions, above stated.

■ Plaintiffs next complain of the failure of the trial court to make findings of fact and conclusions of law. The record discloses that the plaintiffs did not request such court to make findings of fact and conclusions of law until after the judgment had been rendered, the request being made in connection with the motion for new trial. This Court has held that for a request for findings of fact and conclusions of law to be timely presented, it must be made before judgment has been entered by the Court. Calloway v. State ex rel. Mothersead, 117 Okl. 43, 246 P. 873; Etchen v. Texas Company, 82 Okl. 62, 199 P. 212; Britton v. Absher, Okl., 290 P.2d 769.

Plaintiffs complain of the failure of the trial court to enter judgment against defendants Gilmore for the amount owing the plaintiffs and for foreclosure of the lien on the property involved. The record shows that the defendants Gilmore were not in default in making payments of principal and interest under the contract, the only default being the 1961 taxes paid by the plaintiffs. At the time of the trial they were not in default as to these taxes for the reason that they tendered and paid into court for the benefit of plaintiffs the amount owing for said taxes. If the defendants Gilmore should become in default plaintiffs would have the right to bring suit for the amount due and for foreclosure of their mortgage lien upon said property as evidenced by the instruments above referred to.

In view of the holding of this Court, it is not necessary to further treat the proposition raised by plaintiffs in error as to their right to bring an action in equity to rescind contract and for possession of realty.

The judgment of the trial court is not clearly against the weight of the evidence, Therefore, it is affirmed.

The Court acknowledges the services of J. D. DeBois, who with the aid and counsel of Paul Sullivan and O. L. Peck, Jr., as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Williams, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.