Kate RAY, Lois Brown and Dona B. Currie,
Plaintiffs in Error,

v.

Edgar MASTERS, Defendant in Error.

No. 41501.

Supreme Court of Oklahoma.

July 18, 1967.

Walter Foth, Cordell, Arney, Barker & Donley, Clinton, for plaintiffs in error.

Bailey & Jones, Cordell, for defendant in error.

## 992

LAVENDER, Justice.

This case involves an agricultural lease for a term of ten (10) years dated July 21, 1960, to commence January 1, 1962, and covering 450 acres of land in Washita County, Oklahoma. The owners of the land brought this action in the district court of said county to either cancel the lease as to all lands covered thereby or to recover money judgment from the lessee for his having pastured his personally owned cattle on the wheat acreage without remitting one-third of the reasonable value of such pasturage to the plaintiffs. Two of the three plaintiffs sought cancellation of the lease for an additional reason only applicable however as to a 160-acre tract included in the lease. These last mentioned plaintiffs, who were, at the date of the purported lease, owners as tenants in common of said 160 acres, contend that they were not bound by said lease, and their land should be removed therefrom because they did not sign it. The lease was signed only by Kate Ray, an owner in common with the other plaintiffs of the 160-acre tract and the sole owner of the balance of the involved acreage. Kate Ray together with Lois K. Brown and Dona B. Currie were the plaintiffs. Kate Ray died after this suit was filed. The action, as far as she was concerned, was revived in the name of her executor. The plaintiffs and the defendant will be referred to herein by their trial court designations or by their respective names.

The defendant in his answer contended that the lease was silent regarding any prohibition against his pasturing cattle on the wheat acreage, and because the plaintiffs were not damaged thereby and had no grounds to complain. The defendant answered the contentions of the plaintiffs Brown and Currie to the effect that they were not bound by the lease because they had not signed it by asserting that they had by their acceptance of rents and other benefits of the lease ratified the same and were no longer in a position to challenge the validity of the agreement.

The trial court submitted three forms of verdict to the jury, which forms were in the nature of findings of fact upon the three issues. The jury, after a trial which resulted in a rather voluminous record, returned these findings:

"We * * * find for the defendant on the question of cancelling the ten year lease dated July 21, 1960."

"We * * * find for the defendant recommending that the land of Lois K. Brown and Dona B. Currie remain in the lease of July 21, 1960."

"We * * * find for the defendant on the question of payment of wheat pasture."

Subsequently at the hearing on the plaintiffs' motion for new trial and for judgment notwithstanding the jury's verdict and the plaintiffs' motion for special findings of fact, the trial court commented as follows:

"Before passing upon the Motion for a New Trial, the Court ratifies and confirms the Jury's findings and recommendation, and makes this the decision of the Court upon the questions to be decided by the Court in this action."

The motions of the plaintiffs were overruled by the trial court, and the plaintiffs appeal here seeking a review of such judgment.

■ The plaintiff urges that a tenant in common of real property cannot exclude the other co-tenants from possession "either by himself or by a lessee," citing authorities. As a general statement of law this is true (as a matter of fact, the defendant admits it in his brief). This statement, however, to apply here should be further refined by recognizing the exception in those instances where the lessor out of possession has ratified the acts of his co-tenant.

■ We are unimpressed with the argument by plaintiffs to the effect that the trial court erred in incorrectly instructing the jury. The function of the jury in this case was merely advisory, this being an ac-

tion in equity. The verdict and findings of the jury were not binding on the trial court, which must make its own findings of fact. White v. Morrow, 187 Okl. 72, 100 P.2d 872. The trial court recognized its function and that of the jury when it "adopted" the jury's findings of fact and made them the findings of the court.

The rule concerning ratification of an agreement by the acceptance and retention of the benefits thereof is rather well established. 30 A.L.R.2d 824, 826; 2 Am. Jur. § 227, pg. 181, and Antrim Lumber Co. v. Oklahoma State Bank, 65 Okl. 25, 162 P. 723, L.R.A.1918A, 528. The plaintiffs do not appear to question the existence of such a rule, but contend that it is not applicable to them because when they accepted rents from the defendant (under the July 21, 1960 lease) they believed the defendant would vacate the property after three years. Plaintiffs' final contention then, in effect, is that the finding of the trial court, inherent in its judgment, that the plaintiffs had ratified the lease and were bound thereby, is contrary to the weight of the evidence.

It is elementary that in an equity matter such as this, the function of this court on review is to consider the record and weigh the evidence to determine if the findings and judgment of the trial court were in accord with the weight of the evidence. Berland's, Inc. of Tulsa v. Northside Village Shopping Center, Inc., Okl., 378 P.2d 860, and State ex rel. Commissioners of the Land Office v. Cities Service Oil Co., Okl., 317 P.2d 722.

Turning now to a consideration of the evidence and limiting our discussion to only that portion bearing upon the decisive issues before us, we notice that prior to 1948 for several years the defendant orally leased these lands from one Jim Ray, who owned that portion which, for convenience, shall be called the "Ray farm"; that during these years and, in fact, continuously until shortly before this action was filed, the 160-acre tract involved in the lease was owned by J. E. Smith (the plaintiffs' father) the plaintiffs and Kate Ray, all as tenants in common. For convenience we shall refer to the 160-acre tract as the "Best estate land." After the death in 1948 of Jim Ray, Kate Ray, his surviving spouse, inherited the Ray farm. In 1950 the defendant and Kate Ray entered into a written lease of all the lands; said lease was to run for eleven years. On July 21, 1960, the lease, the cancellation of which is sought in this action, was executed by the defendant and Kate Ray. The plaintiffs admitted that they always received their proportionate share of the rentals under all the leases, including the one dated July 21, 1960. As we have seen, however, their position is that they did not accept the rentals paid under the last lease with any intent to thereby ratify such lease, but under the impression that the defendant would vacate the premises at the end of three years from the inception date of said lease.

There was evidence that in September, 1961 plaintiffs' attorney wrote a letter to the attorney for defendant in which the defendant was advised that the plaintiffs considered the July 21, 1960 lease to be invalid and not effective as to them or to their interests in the Best Estate land. Thereafter, the plaintiffs, with their attorney, went to see the defendant in what the plaintiffs described as an effort to reach a compromise. At that conference defendant admitted he told the plaintiffs, in effect, that he would vacate the property after three years if they would leave him alone during that time so that he could pay off some farm machinery he had just acquired. Defendant contends in connection with such statement that it, in effect, was an offer to compromise which was not accepted by the plaintiffs, and which he thereafter repudiated. The evidence of his repudiation of the compromise attempt was largely contained in a letter, appearing in evidence, from defendant's attorney to the attorney for plaintiffs. In that letter dated November 1, 1961, the plaintiffs were advised that defendant was taking the position the lease was valid and binding on

them, and that he did "not desire or intend to negotiate a mutual cancellation of that lease," to quote from the exhibit.

It appears from the above and other evidence that the plaintiffs had reason to believe the defendant would not vacate the premises at the end of three years; that the plaintiffs knew this as early as November, 1961 and yet waited until March, 1964 to bring this action. The question of whether the plaintiffs were justified in delaying the filing of the action until such a late time that Kate Ray, one of the plaintiffs, died before she was able to give her testimony, and whether such delay was occasioned by the promise of the defendant to vacate the premises were questions properly before and decided by the trial court. We find no error.

Judgment affirmed.

All the Justices concur.