**Larry G. BUTCHER, and Farrell Butcher, Appellees,**

v.

**Gary P. McGINN, Appellant.**

**No. 57989.**

Supreme Court of Oklahoma.

July 16, 1985.

As Corrected Oct. 7 and Oct. 18, 1985.

Rehearing Denied Oct. 8, 1985.

Robert G. Green, Tulsa, for appellant.

Phillip Warren Redwine, Kenneth R. Coe, Norman, for appellees.

DOOLIN, Vice Chief Justice.

Appellees, Larry and Farrell Butcher (Butchers), filed their petition in the District Court of Custer County, alleging a partnership existed in four, retail shoe stores owned and operated by them and the appellant Gary P. McGinn (McGinn). These stores, which were acquired in 1965, 1966, 1967 and 1973, were financed by McGinn and managed or operated by the Butchers, according to verbal agreements between the parties. It was not until the last-acquired shoe store was destroyed in 1979 that a dispute arose as to whether a partnership had existed among them.

The Butchers claimed they were full partners in the shoe store and McGinn denied the existence of a partnership and counter-claimed against the Butchers. Alleging the Butchers were his employees, he petitioned the trial court to impose an equitable trust and convey title to real property which they had acquired with funds from the first two stores.

For all practical purposes, most, if not all, the claims and counter-claims made by McGinn and the Butchers are equitable in nature. Despite the equitable nature of the proceedings, the district court and counsel for the parties set the matter for a jury trial. There is no suggestion from the record that counsel or the trial court ever recognized the jury's verdict in such a situation would be advisory only.[1]

The district court bifurcated the trial, with stage one to determine the existence or non-existence of a partnership and stage two to determine the remaining issues. On December 11, 1981, the jury returned a verdict for McGinn that no partnership existed and thereafter, the same jury pro-

---

1. *Star v. Star,* 94 Okl. 225, 221 P. 721 (1924).

ceeded to reach decisions as to the other actions.

On December 15, 1981, the jury returned a verdict that:

(a) McGinn was entitled to a lease on the building in question at a rental of $1,100 per month.

(b) The Butchers were each entitled to a draw or base salary of $250 per week.

(c) Farrell Butcher was entitled to 50% of the profits from Clinton Booterie for prior to and including 1981; and

(d) Larry Butcher was entitled to 50% of the profits from the Elk City Booterie and Elk City Shoe Box for prior to and including 1981.

The district court entered a judgment on both verdicts, apparently unaware of their advisory nature. In a post-trial proceeding, the district court appointed an accounting firm to determine (c) and (d) and denied McGinn's request for attorney fees. McGinn and the Butchers appealed from the judgments in these proceedings.

Before the substantive issues raised on appeal and cross-appeal may be addressed, we must determine the effect of the failure to recognize the equitable nature of the proceedings and the advisory nature of the jury's verdicts. To do this it has been necessary for this Court to independently review the record in search of error.

■ In an equitable action, trial by jury is not a matter of right.[2] The presence of joined legal and equitable issues does not mandate a trial by jury. If the equitable issues are paramount or the legal issues incidental to or dependent upon the equitable issues, the issues are treated as equitable for trial purposes.[3]

■ The predominant issues in dispute in the immediate cause were matters of equitable cognizance and whatever "legal issues" are present in this case arise incidentally to the equitable claims. While the parties to this controversy were not entitled to a jury trial,[4] the district court could have impaneled a jury to advise it on questions of fact.[5]

■ The verdict of such a jury is advisory only and the trial court is free to reject it or accept the verdict as its own.[6] However, a jury's advisory verdict in an equitable action does not relieve the trial court of its independent duty to make its own determination on issues of fact and law.[7]

The record in the instant case is not only void of any explicit performance of this duty, it fails to give an indication of even a glimmering awareness of it. Instead, this Court is forced to search the record to determine if we may engage in the presumption the trial court would have adopted the jury's findings.[8]

■ We find we can indulge such presumption and we reiterate our holding in *A.A. Murphy, Inc. v. Banfield*,[9] where we said failure of the trial court to treat the verdict as advisory is no ground for reversal unless an examination of the entire record discloses that a miscarriage of justice has probably resulted or there was a violation of statutory or constitutional rights.

2. *Waggoner v. Johnston*, 408 P.2d 761 (Okl. 1965); *In re Bank of Earlsboro*, 391 P.2d 887 (Okl.1964); *Dowdy v. Clausewitz*, 361 P.2d 288 (Okl.1961).

3. *Russell v. Freeman*, 202 Okl. 421, 214 P.2d 443 (1949); *Ledford v. Wheeler*, 620 P.2d 903 (Okl. Ct.App.1980).

4. *Nitsche v. State Security Bank*, 69 Okl. 37, 170 P. 234 (1918).

5. *Ray v. Masters*, 429 P.2d 991 (Okl.1967); *Gorman v. Carlock*, 72 Okl. 104, 179 P. 38 (1919).

6. *Commercial Communications, Inc. v. State ex rel. Okl. Bd. of Public Affairs*, 613 P.2d 473 (Okl.1980); *Terrell v. Wheeler-Motter Merchantile Co.*, 147 Okl. 77, 294 P. 644 (1931).

7. *Ray v. Masters*, 429 P.2d 991 (Okl.1967); *Wattah-noh-zhe v. Moore*, 36 Okl. 631, 129 P. 877 (1913); *Tobin v. O'Brieter*, 16 Okl. 500, 85 P. 1121 (1906).

8. *Barry v. Phillips*, 329 P.2d 1042 (Okl.1958).

9. 363 P.2d 942 at 949 (Okl.1961).

There are two prior decisions of this Court which are of assistance in this examination. In the first, *Flowers v. Stanley,*[10] we looked to the journal entry of judgment to determine if the trial court had made independent findings and conclusions of law and fact in a case tried before an advisory jury. We found that the journal entry "plainly [represented] ... that the trial court reviewed the evidence and arrived at its own independent finding and conclusions...."[11] In contrast, the journal entries of judgment in this controversy reflect that they were made "pursuant" to the jury verdict. There is no indication that the trial court made its own review and judgment on any issue in the case.

In the second, *First National Bank v. Russell,*[12] we found that the trial court adopted the advisory verdict when it refused to grant a judgment notwithstanding the verdict or a motion for a new trial. We held that the verdict and findings of the jury were adopted by the trial court as "effectively as though it had entered an order to that effect." In the instant case both such motions were made and refused by the trial court and though there is no indication from the record that the trial court or counsel for the parties recognized the adoptive impact of the court's actions, our decision in *First National Bank v. Russell,*[13] guides this Court to find that the jury's verdict was adopted by the trial court.

## Instructions to an advisory jury furnish no basis for the assertion of error on appeal.

■ McGinn and the Butchers assign numerous errors in the instructions to the jury. Errors in jury instructions, which might form the basis for reversal in a trial at law, ordinarily furnish no ground for reversal on appeal where the jury serves only in an advisory capacity.[14] Applying this rule in the case before us, we find it unnecessary to address these alleged errors.

## Assignments of evidentiary errors are to be judged by equity standards despite the impaneling of an advisory jury.

■ The Butchers and McGinn also make numerous assignments of errors in evidentiary rulings by the trial court. The advisory nature of the jury invokes a different standard of review for these assertions, and the final responsibility for determination of fact as well as law in this case rested in the trial court. Despite the existence of an advisory jury, the matter was tried to the court. The admission of evidence was largely discretionary and in the absence of a showing of abuse or substantial prejudice, the rulings, will not be disturbed.[15]

The record does not disclose that any evidence excluded or admitted during the trial substantially prejudiced either party or amounted to abuse of judicial discretion. The trial judge, having all available information before him was able to afford proper weight and merit to the evidence.

## The trial court erred in sustaining the demurrer to the portion of McGinn's cross-petition requesting transfer of title to McGinn.

■ McGinn argues that since Larry Butcher was his agent, he could not purchase for himself the shoe store under lease to McGinn, and this purchase is a breach of fiduciary duty to McGinn. This is a correct statement of Oklahoma law that an agent will not be permitted to secure for himself that which is his duty to obtain for his principal. The Butchers would have us restrict this duty to actions relating to the subject matter of the principal-agent relationship, but such a narrow application of the duty flies in the face of

---

**10.** 316 P.2d 840 (Okl.1957).

**11.** Id. at 846.

**12.** 128 Okl. 222, 262 P. 205 (1928).

**13.** Id. at 205.

**14.** *Galer v. Berrian,* 43 Okl. 303, 140 P. 155 (1914).

**15.** *Kendall v. Sharp,* 426 P.2d 707 (Okl.1967); *Rivers v. Parker,* 382 P.2d 16 (Okl.1963).

justice. This Court in *Wilcox v. Reynolds*,[16] stated:

> An agent must act in good faith and in the interest of his principal. This requires him to give the principal the benefit of his knowledge and advice, and keep him informed of *all material facts affecting the principal's interest* which comes to his knowledge. [emphasis added].

In *Fulton v. Baxter*,[17] there was evidence to show that the defendant, who was engaged in the selling of insurance, purposely brought about the termination of lease belonging to his partnership, and renewed it in his own name. We found this to be a breach of his fiduciary duty as an agent of his partners and an appropriation of the lease to the agent's own benefit. We held that, since the renewal was taken by less than all the partners, the lease inured to the benefit of the firm.

█ The record in the instant case indicates that Larry Butcher knew of the expiration of the lease and rather than remind McGinn to renew it, he purchased the building. Without a true interest in the alleged partnership at heart, Larry Butcher sought the purchase merely for his own benefit. The trial court erred in sustaining the demurrer on this issue.

The trial court did not err in ordering an accounting and requiring McGinn to bear a pro-rata share of the costs involved.

█ In actions for an accounting, this Court has held that it will not reverse a judgment rendered by the trial court unless such a judgment is clearly against the weight of the evidence.[18]

Because McGinn had possession and control of all business records of the four shoe stores, and because he failed to produce sufficient evidence concerning these records at trial, in order for the court to give effect to the judgments in favor of the Butchers, it was necessary for there to be an accounting. The relationship between the parties here is similar to that in *Armstrong v. Gill*,[19] wherein we held an accounting may be ordered whenever one is necessary to determine the respective rights of the parties to a business relationship, regardless of whether that relationship is determined to be one of partnership, joint venture or employer and employee. Requiring McGinn to pay a pro-rata share of the costs of accounting is an extension of the trial court's equitable powers. These powers were not abused.

The trial court did not err in refusing attorney's fees to McGinn.

McGinn alleges error in this Court's refusal to award him attorney's fees in this action and he cites *inter alia*, 12 O.S.A. 1981, § 930 as authority for such an award. This statute says:

> In other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable.

█ It is a settled rule in Oklahoma that, ordinarily, a reference to costs in a statute does not include attorney's fees.[20] Therefore, there is no authority for McGinn's assertion that he is entitled to an award of fees under this statute.

McGinn also seeks an award of fees under the doctrine of *City National Bank and Trust Co. v. Owens*,[21] which holds a party may be awarded attorney's fees not authorized by statute or contract when overriding considerations, such as oppressive behavior on the part of an opposing party, indicate a need for such an award.

---

16. 169 Okl. 153, 36 P.2d 488 (1934).

17. 596 P.2d 540 (Okl.1979).

18. *Kethley v. Finn*, 465 P.2d 752 (Okl.1970).

19. 392 P.2d 737 (Okl.1964).

20. *Sisk v. Sanditen Investments, Ltd.*, 662 P.2d 317 (Okl.App.1983).

21. 565 P.2d 4 (Okl.1977).

The record in the instant case does not contain facts sufficient to show "oppressive behavior" on the part of the Butchers, nor any other overriding consideration which would justify our invoking the *City National* doctrine. We find no error in the trial court's refusal to award McGinn attorney's fees.

The judgment of the trial court is therefore AFFIRMED IN PART AND REVERSED IN PART AND REMANDED for further proceedings requiring court to enter judgment consistent with this opinion.

HODGES, LAVENDER, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in part, dissents in part. I would affirm the trial court in all respects.

OPALA, J., concurs in part and dissents in part.

OPALA, Justice, concurring in part and dissenting in part.

While I concur in today's disposition of the appeal, I must recede from the court's decision upon the counterappeal by appellees. The counterappeal was filed here more than thirty days after judgment had been rendered below. I would hence dismiss it as untimely and give *no* relief to the appellees. *See, Spears v. Preble,* Okl., 661 P.2d 1337, 1343–1344. (Opala, J., concurring in result.)